■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE LESTER, Also Known as KEVIN HOWARD, Appellant.— Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered June 22, 1989, convicting defendant, after a jury trial, of one count each of robbery in the first and second degrees, and sentencing him to concurrent indeterminate prison terms of from 7½ to 15 years and from 6 to 12 years, respectively, unanimously affirmed.

Complainant, while attempting to unlock the inner door to her apartment lobby, was confronted from behind by the defendant, who concealed his right hand inside the left breast area of his jacket and threatened that "nobody [would] get hurt" if complainant handed over her money. The complainant, realizing that she was in direct view of the lobby's surveillance camera, attempted to stall for time by challenging defendant to show her the gun. She testified that she "couldn't be sure" if defendant had a gun, but was nonetheless fearful that she would be shot when defendant, pursuant to his threat, began counting to three so as to compel complainant to hand over her money. In response, complainant put her hands in the air, prayed out loud, and braced herself for being shot. This unfolding incident was being observed by certain building employees who were watching the surveillance monitor. One employee recollected that complainant was on her knees and had a worried expression on her face. Another of the employees recalled that complainant handed over her bag to the defendant, who continued to keep his right hand hidden inside his jacket. Complainant, who experienced a very severe and heavy pain across her chest and left arm, was subsequently hospitalized and diagnosed as having suffered a life-threatening heart attack which caused damage to

her heart muscle. The defense rested without presenting any evidence.

Defendant argues the court erred in failing to charge robbery in the third degree as a lesser included offense of the robbery in the first degree, on the ground that the evidence, reasonably viewed, supported a finding that complainant did not believe defendant to be armed. We disagree. Viewing the evidence in the light most favorable to the defendant, as is required *(People v Martin,* 59 NY2d 704), there is no basis in this record upon which a juror could reasonably conclude complainant believed defendant to be unarmed.

The instruction to the jury to begin deliberations, conveyed by a court officer at the court's direction, did not deprive defendant of his right to be present at all material stages of the trial, nor was it an improper delegation of a judicial function. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.