■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS LEE MITCHELL, Also Known as MITCHELL LEE, Appellant. [594 NYS2d 290] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joy, J.), rendered September 10, 1990, convicting him of rape in the first degree (four counts), sodomy in the first degree (two counts), sexual abuse in the first degree, assault in the second degree, kidnapping in the second degree, and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and as a matter of discretion in the interest of justice, count 6 of the indictment, charging the defendant with rape in the first degree predicated upon an accessorial theory, and count 21, charging the defendant with kidnapping in the second degree, are dismissed, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the remaining counts of the indictment, to be preceded by a new Sandoval hearing.

Immediately before trial, the Trial Justice conducted a hearing pursuant to People v Sandoval (34 NY2d 371). The court clerk noted, on the record, the presence of the Assistant District Attorney and the defense counsel. The defense counsel asked the Trial Justice whether she should make her Sandoval application without the presence of her client. The Trial Justice replied that it normally handles such applications in the presence of the defendant, but outside the courtroom, presumably in a robing room, or other suitable location. Following an off-the-record discussion, the clerk again noted the presence of defense counsel and the Assistant District Attorney, but not the defendant.

After the hearing, the Trial Justice ruled that the People would be permitted to cross-examine the defendant concerning his previous plea of guilty to attempted grand larceny in the third degree on May 23, 1990, as well as the facts underlying that conviction. The People were precluded from cross-examination with respect to several additional prior arrests, the dispositions of which were unclear. In addition, the court

ruled that the People would be permitted to elicit that the defendant was arrested in connection with an incident that occurred several days after the commission of the crimes for which he was on trial. This was permitted for the purpose of explaining the circumstances under which the defendant made a statement to the police concerning the charges at bar. The court called a recess after issuing its *Sandoval* ruling. When the proceedings were reconvened, the clerk finally noted the presence of the defendant in the courtroom.

Under the circumstances presented here, we agree with the defendant's contention that his right to be present during all material stages of his trial was violated *(see, People v Dokes,* 79 NY2d 656). Reversal of the judgment of conviction and a new trial are mandated even though defense counsel did not object to the manner in which the hearing was conducted *(see, People v Gebrosky,* 80 NY2d 995; *People v Beasley,* 80 NY2d 981). It cannot be said on this record that the defendant's presence at the *Sandoval* hearing " 'would have been "useless or the benefit [of his participation] but a shadow" ' " *(People v Dokes, supra,* at 662, citing *People v Velasco,* 77 NY2d 469, 473).

We further find that the evidence adduced at trial was not legally sufficient to support the jury's verdict with respect to one of the three counts of rape in the first degree, predicated upon an accessorial theory of liability, which was conceded by the prosecutor in her summation. In the exercise of our interest of justice jurisdiction *(see,* CPL 470.15 [6] [a]), we therefore vacate the defendant's conviction on this count. In addition, the evidence demonstrated that the abduction of the complainant was entirely incidental to the commission of the robbery and sexual assaults. Therefore, his conviction of kidnapping in the second degree should have been dismissed on the defendant's motion pursuant to the merger doctrine *(see, People v Cain,* 76 NY2d 119, 124-125; *People v Dominquez,* 141 AD2d 833, 835; *cf., People v Gonzalez,* 80 NY2d 883; *People v Riley,* 70 NY2d 523, 532).

Because a new trial is required on the ground that the defendant was absent during the *Sandoval* hearing, we find it unnecessary to address the defendant's remaining contentions except to note that the remarks made by the prosecutor during summation, which were obviously directed at evoking the jury's sympathy for the victim, should not be repeated upon the retrial. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.