■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER SADDLER, Appellant. [632 NYS2d 361] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of four counts of murder in the second degree, three counts of robbery in the first degree, two counts of criminal possession of a weapon in the third degree, grand larceny in the fourth degree and unauthorized use of a vehicle in the third degree.

Defendant failed to preserve for our review his contention that his conviction of grand larceny in the fourth degree and unauthorized use of a vehicle in the third degree is not supported by legally sufficient evidence (see, People v Lawrence, 85 NY2d 1002; People v Gray, 86 NY2d 10). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

There is no merit to the contention of defendant that he was denied his constitutional rights of confrontation and compulsory process by the trial court's refusal to permit a prosecution witness to be recalled, after the prosecution had rested, for further cross-examination. The determination whether to reopen a case for further testimony is addressed to the reasonable discretion of the trial court (see, People v Ventura, 35 NY2d 654) and it cannot be said that, under the circumstances of this case, the trial court abused that discretion (see, People v Frieson, 103 AD2d 1009).

The 2 1/2 week delay in the trial due to the illness of the Trial Judge neither prejudiced defendant nor deprived him of

a fair trial *(see, People v Cooper,* 173 AD2d 551, *lv denied* 78 NY2d 921).

There is no merit to the contention of defendant that the court should have precluded the testimony of a prosecution witness regarding her conversation with defendant in the Erie County Hall. Contrary to the assertion of defendant, the record supports the court's decision, after a *Cardona* hearing *(see, People v Cardona,* 41 NY2d 333), that the witness was not acting as an agent of the District Attorney's Office *(see, People v Branshaw,* 177 AD2d 1028, *lv denied* 79 NY2d 918). Rather, the witness provided information regarding the conversation on her own initiative *(see, People v Nicholas,* 199 AD2d 425, *lv denied* 83 NY2d 808; *see also, People v Cardona, supra,* at 335).

Defendant was not deprived of a fair trial by prosecutorial misconduct during summation *(see, People v Hargrave,* 210 AD2d 971, *lv denied* 85 NY2d 938; *People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031; *cf., People v Mott,* 94 AD2d 415, 419).

We decline to exercise our power to modify defendant's sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). The imposition of consecutive sentences for the murders of the two victims, one of whom was a three-year-old child, was warranted.

Lastly, we have reviewed the remaining issues advanced by defendant and conclude that they are without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Murder, 2nd Degree.) Present—Denman, P. J., Pine, Wesley, Balio and Davis, JJ.