■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HENDERSON, Appellant. [665 NYS2d 145] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of murder in the second degree. The record fails to support his contention that the People's proof at trial impermissibly varies from the allegations in the indictment (*see, People v Grega,* 72 NY2d 489, 495-496). It likewise fails to support the contention that defendant's acquittal of criminal possession of a weapon in the fourth degree necessarily negated an essential element of the crime of murder in the second degree (*see,* CPL 300.30 [5]; *People v Trappier,* 87 NY2d 55, 58; *see generally, People v Stitt,* 201 AD2d 593, 594, *lv denied* 83 NY2d 858). The jury was charged that, to find defendant guilty of murder, it had to find that the victim was strangled by defendant's application of a ligature to her neck. It was *not* required to find in support of the murder count that the victim's death was caused by strangulation with a hair dryer cord. The record establishes that Supreme Court properly determined after a *Cardona* hearing (*see, People v Cardona,* 41 NY2d 333) that a prosecution witness was not acting as an agent of the District Attorney's Office when he spoke to defendant in jail (*see, People v Saddler,* 219 AD2d 796, 797, *lv denied* 88 NY2d 853).

Defendant further contends that the court's direction to a court officer to advise the jury that it could continue deliberating improperly delegated the court's judicial function to a nonjudicial staff member and abridged his right to be present during a critical stage of the trial. We disagree. The record establishes that, immediately after the court advised the jury

that it should stop deliberations to break for dinner, the jury sent the court a note seeking permission to continue deliberating for another one-half hour because it was close to reaching a verdict. After apprising counsel and defendant of the contents of the note, the court directed a court officer to convey to the jury its permission to continue deliberations. That communication did not convey any legal instructions to the jury and thus fell within the court officer's "administerial duties" (CPL 310.10 [1]; *see, People v Bonaparte*, 78 NY2d 26, 30-31). The communication did not constitute an improper delegation of judicial authority, nor did it abridge defendant's right to be present during a critical stage of the trial (*see, People v Bonaparte, supra*, at 31; *People v Ford*, 78 NY2d 878, 880; *People v Torres*, 191 AD2d 601, *lv denied* 81 NY2d 1021, 82 NY2d 760). The court officer did not tell a deadlocked jury to continue deliberations, thereby in effect delivering an *Allen* charge (*see, Allen v United States*, 164 US 492; *cf., People v Torres*, 72 NY2d 1007; *People v Moyler*, 221 AD2d 943, *lv denied* 87 NY2d 905, *lv dismissed* 87 NY2d 923).

Defendant's challenge to the court's refusal to charge manslaughter in the second degree (Penal Law § 125.15 [1]) and criminally negligent homicide (Penal Law § 125.10) as lesser included offenses of murder in the second degree (Penal Law § 125.25 [1]) is foreclosed by the jury verdict finding defendant guilty of murder in the second degree and the jury's implicit rejection of the charged lesser included offense of manslaughter in the first degree (*see, People v Gil-Cabrera*, 213 AD2d 1065, *lv denied* 85 NY2d 973). In any event, defendant was not entitled to the requested charges. Under no reasonable view of the evidence could the jury have found that defendant committed the lesser offenses but not the greater (*see, People v Thomches*, 172 AD2d 786, 787).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Sheridan, J.—Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Wisner, Callahan and Doerr, JJ.