■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN FERNANDEZ, Appellant. [703 NYS2d 712] —Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered June 26, 1997, convicting defendant, after a jury trial, of rape in the first degree (two counts) and sodomy in the first degree (two counts), and sentencing him to four concurrent terms of 7 to 21 years, unanimously affirmed.

The record establishes that, after a query from the court and a conference between defendant and his counsel, defendant, through counsel, knowingly, voluntarily and intelligently

waived his right to be present at robing room conferences with prospective jurors (*see, People v Keen*, 252 AD2d 278). We find no evidence of ambiguity or confusion as to the nature and scope of the right being waived.

Defendant's argument at trial that the verdict sheet should contain no annotations whatsoever, an argument rendered meritless by the recent amendment to CPL 310.20 (2) authorizing certain annotations, did not suffice to preserve his present claims concerning the annotated verdict sheet and we decline to review them in the interest of justice. Were we to review these claims, we would find that the statute's authorization of annotations consisting of "specific statutory language" (CPL 310.20 [2]) does not require that the pertinent Penal Law provisions be set forth in their entirety, and we find no basis for reversal.

The court properly granted the People's application to amend the factual allegations in the counts charging sodomy in the first degree. Since the pre-amendment counts were legally sufficient (*see, People v Jackson*, 46 NY2d 721), there was no violation of CPL 200.70 (2) (b), which prohibits amendment of an indictment for the purpose of curing legal insufficiency. Concur—Sullivan, J. P., Nardelli, Tom, Lerner and Andrias, JJ.