■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEEL WILLIAMS, Appellant. [710 NYS2d 214] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) in connection with the beating death of the victim on a street corner in the City of Buffalo. The prosecution presented the testimony of two eyewitnesses, who testified that they observed defendant, who was wearing a red coat, striking the victim about the head and neck and choking the victim. One eyewitness also testified that defendant did a "victory

dance" and then kicked the victim in the head and jumped on his chest and stomach. The Erie County Medical Examiner testified that the cause of death was a blunt force injury to the head and neck area, that there were no cuts or bruises on the victim's hands, and that neither strangulation nor the cocaine found in the victim's system was the cause of death. In support of a justification defense, defendant testified that he and the victim had argued and that he chased the victim after the victim "snatched" defendant's gold necklace. Defendant testified that he retrieved the necklace but the victim then punched him; during the ensuing fight the two fell to the ground, each choking the other. Defendant testified that he released the victim when defendant felt the pressure relieved from his own throat. When the victim did not move, defendant tried to resuscitate him by administering cardiac pulmonary resuscitation. Defendant left the scene "in a daze" and proceeded to his aunt's house. Defendant's testimony was consistent with the voluntary statement made by defendant to the police in the presence of defense counsel. Defendant also presented witnesses to support his testimony that he did not own a red coat and that someone had been observed attempting to resuscitate the victim.

We reject the contention that defendant was denied effective assistance of counsel. Supreme Court properly denied defendant's motion pursuant to CPL 330.30 to set aside the verdict on that ground, determining that, while "not perfect, [defense counsel's] cross-examination of witnesses, opening and closing statements and argument of legal issues at pre-trial hearings and at trial were all conducted in a thorough, professional and effective manner." Furthermore, it is not for an appellate court "to second-guess whether a course chosen by defendant's counsel was the best trial strategy * * * so long as defendant was afforded meaningful representation" (*People v Satterfield,* 66 NY2d 796, 799-800). Defendant's contention that defense counsel should have presented expert testimony concerning the effects of cocaine use by the victim in order to provide exculpatory or mitigating evidence concerns matters outside the record and is therefore properly addressed in a CPL 440.10 motion (*see, People v Snitzel,* 270 AD2d 836; *People v Chiera,* 255 AD2d 685, 686). Defendant's further contention that defense counsel should have called certain witnesses to testify is also properly the subject of a CPL 440.10 motion (*see, People v Snitzel, supra*). Although we agree with defendant that one prosecution witness was difficult and made certain prejudicial remarks, we reject his contention that defense counsel's actions with respect to that witness deprived him of meaningful representation (*see*

generally, People v Baldi, 54 NY2d 137, 147). Although defense counsel's representation was not error free, we conclude that defense counsel's conduct, viewed either with respect to specific alleged errors or as a whole, did not "rise to the level of 'egregious and prejudicial' conduct * * * necessary to prevail on an ineffective assistance of counsel claim" (People v Flores, 84 NY2d 184, 187-188; see, People v Benevento, 91 NY2d 708, 713).

Because the court charged the lesser included offense of manslaughter in the first degree and defendant was convicted of murder in the second degree, defendant is foreclosed from challenging the court's denial of his request to charge the further lesser included offenses of manslaughter in the second degree and criminally negligent homicide (see, People v Henderson, 244 AD2d 889, 890, lv denied 91 NY2d 926; see also, People v Boettcher, 69 NY2d 174, 180).

Contrary to defendant's contention, a prosecution witness was properly permitted to testify with respect to her identification of defendant from a photo array. Defendant opened the door to the testimony of that witness by eliciting testimony from her aunt concerning that identification and any conversation they may have had with respect to it (see, People v Bunch, 58 AD2d 608).

The contention of defendant that he was denied the right to testify with respect to the victim's reputation for violence is not preserved for our review (see, CPL 470.05 [2]). In any event, that contention is without merit.

Defendant did not establish that he was denied a fair trial by alleged cumulative errors of defense counsel, the prosecutor and the court (cf., People v Dowdell, 88 AD2d 239, 248). Finally, we have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt and Scudder, JJ.