◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO PIMENTEL, Appellant. [725 NYS2d 1] —Judgments, Supreme Court, New York County (Daniel FitzGerald, J.), rendered July 8, 1999, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 15 years, respectively, and also convicting defendant, after a second jury trial, of murder in the second degree, and sentencing him to a consecutive term of 20 years to life, and judgment, same court and Justice, rendered September 10, 1999, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him, as a second felony offender, to a concurrent term of 7 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The photograph of the lineup at which defen-

dant was identified by witnesses to both murders establishes that the participants were similar in general appearance. Differences in their weights and heights were sufficiently concealed by their clothing and their placement in a seated position, and the variations in their hairstyles and complexions were insignificant. There was no "substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

Contrary to defendant's argument, the People's unavoidable failure to disclose the criminal record of one of their witnesses did not violate *Brady v Maryland* (373 US 83). It is undisputed that the trial prosecutor did not learn of the witness's record, and the fact that he had absconded on a pending case, until after defendant's trial. The witness had provided the prosecutor with a false name and false identification, and a computer check failed to disclose a prior record. Under the circumstances, the knowledge of the witness's prior record should not be imputed to the prosecution (*see, People v Samuels*, 257 AD2d 401; *People v Santiago*, 138 AD2d 327, 329). Although the same District Attorney's office was prosecuting the witness, there is no evidence that anyone in that office knew, or had any way of knowing, that the witness was the same person they were prosecuting on another case. In any event, even if such information had been disclosed, there was no reasonable possibility that a different verdict would have resulted given the strong evidence provided by other witnesses (*see, People v Vilardi*, 76 NY2d 67).

At the second trial, the challenge for cause to a prospective juror was properly denied. The juror, who initially noted that two of his friends had been shot, unequivocally stated that he could be fair and render a verdict based solely on the evidence (*see, People v Johnson*, 94 NY2d 600). The juror's offer to notify the court and counsel in the event of a change in his ability to be fair did not detract from the unequivocal nature of his assurance of impartiality.

Although the prosecutor should not have suggested that defendant had conceded issues that were in fact contested, the challenged portion of the prosecutor's summation at the second trial could not have misled the jury into believing that defendant had conceded material issues and does not warrant reversal (*see, People v D'Alessandro*, 184 AD2d 114, 118-119, *lv denied* 81 NY2d 884).

The single-word annotations contained on the verdict sheet employed by the court at the second trial for the purpose of distinguishing the murder counts were sufficient because CPL

310.20 (2) "does not require that the pertinent Penal Law provisions be set forth in their entirety" (*People v Fernandez*, 269 AD2d 184, 185, *lv denied* 95 NY2d 796). Concur—Williams, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.