■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL HALE, Appellant. [730 NYS2d 651] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]). Defendant contends that reversal is required because the People failed to provide him with *Brady* material. Assuming, argu-

endo, that the information at issue constitutes *Brady* material, we conclude that "there is [no] reasonable probability that[,] had it been disclosed to the defense, the result would have been different" (*People v Bryce*, 88 NY2d 124, 128). We reject defendant's contention that the information at issue also constitutes *Rosario* material (*see,* CPL 240.45).

Although we agree with defendant that the People should have served a CPL 710.30 notice with respect to an oral statement made by defendant, the failure to do so constitutes harmless error (*see, People v Reinard*, 244 AD2d 936, 936-937, *lv denied* 91 NY2d 896). The contention of defendant that he was denied a fair trial by prosecutorial misconduct is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see, People v Gray*, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to establish beyond a reasonable doubt that defendant committed the crimes of assault in the second degree and criminal possession of a weapon in the second degree (*see, People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that he was denied his right to be present at a material stage of the trial, based upon his absence from an in-chambers conference concerning the admissibility of certain testimony. Contrary to defendant's contention, the court clerk's notes indicate that defendant was present during that conference (*cf., People v Mitchell*, 191 AD2d 460). In addition, defendant contends that Supreme Court erred in delegating its authority to instruct the jury to begin deliberating and that he was denied his right to be present at a material stage of the trial based upon his absence when the jury was so instructed. We disagree. The delegation of that ministerial duty "did not constitute an improper delegation of judicial authority, nor did it abridge defendant's right to be present during a critical stage of the trial" (*People v Henderson*, 244 AD2d 889, 890, *lv denied* 91 NY2d 926; *see,* CPL 310.10 [former (1)]; *People v Lester*, 174 AD2d 507, 508, *lv denied* 78 NY2d 1012). Finally, the court did not abuse its discretion in denying defendant's request for youthful offender status (*see, People v Brantley*, 280 AD2d 980). (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Assault, 2nd Degree.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.