■ The People of the State of New York, Respondent, v Bernard Thomas, Appellant. [731 NYS2d 32] —Judgment, Supreme Court, New York County (George Daniels, J.), rendered March 9, 1999, convicting defendant, after a jury trial, of robbery in the first degree (two counts), assault in the first degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to an aggregate term of 16 years, unanimously affirmed.

The prosecutor properly cross-examined defendant and elicited rebuttal evidence concerning his unusual omission of material exculpatory information from the statement he made at his arrest for criminal trespass on the day before his arrest in the instant case. The crux of defendant's defense at the instant trial was that the complaining witnesses had framed him because of his anti-drug activity outside the building in which they allegedly were selling drugs. Defendant specifically asserted that the complainants knew that he had assisted anti-drug activity by the police on the day prior to his arrest. However, when arrested for criminal trespass on that day, defendant made an exculpatory statement but said nothing about being a member of an anti-drug block association, an omission that would have been highly unusual under the circumstances. Since defendant placed the events surrounding his criminal trespass arrest at issue, the prosecutor properly impeached him about omissions from his statements to the police concerning his anti-drug activity which would have cast an entirely different light on the events (see, (People v De George, 73 NY2d 614, 618-619; People v Savage, 50 NY2d 673, 679, cert denied 449 US 1016; People v Skinner, 277 AD2d 27, lv denied 96 NY2d 806).

The court properly exercised its discretion in discharging a juror as grossly unqualified, since the juror's mental competence was seriously drawn into question by her confused and contradictory responses to the court's extensive inquiry about her failure to locate the courthouse despite having reported

there on successive dates and her encounter with another juror during lunch recess (*People v Buford*, 69 NY2d 290, 298-300). Defendant's complaint that the court's inquiry was not sufficiently probing is unpreserved since he failed to object to the scope of the court's inquiry and did not avail himself of the court's offer to pose additional questions, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the inquiry was appropriate.

Defendant's challenge to the annotated verdict sheet is unpreserved (*see, People v Fernandez*, 269 AD2d 184, *lv denied* 95 NY2d 796), and we decline to review it in the interest of justice. Defendant specifically consented to the verdict sheet in the form to which he now assigns impropriety. Were we to review this claim, we would find that the annotations were proper (CPL 310.20 [2]; *People v Fernandez, supra*).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Saxe, JJ.