Appeal from a judgment of Monroe County Court (Geraci, Jr., J.), entered March 28, 2001, convicting defendant after a jury trial of, inter alia, robbery in the first degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]). We agree with defendant that the failure of the People to disclose the prior convictions of the sole eyewitness violated their obligations under Brady v Maryland (373 US 83 [1963]). The criminal record of a prosecution witness constitutes exculpatory material within the meaning of Brady (see People v Pressley, 234 AD2d 954 [1996] [appeal No. 2], affd 91 NY2d 825 [1997]; People v Arac, 297 AD2d 560 [2002], lv denied 99 NY2d 580 [2003]; People v Pimentel, 282 AD2d 280, 281 [2001], lv denied 96 NY2d 923 [2001]; People v Workman, 277 AD2d 1029, 1030 [2000], lv denied 96 NY2d 764 [2001]). That rule accords with the principle that the People’s disclosure obligations under Brady extend beyond matters that tend to establish defendant’s innocence and include material evidence that impeaches “the credibility of a prosecution witness whose testimony may be determinative of guilt or innocence” (People v Baxley, 84 NY2d 208, 213 [1994]; see People v Steadman, 82 NY2d 1, 7 [1993]; People v Hawes, 298 AD2d 706, 708 [2002], lv denied 99 NY2d *983 582 [2003]; see generally United States v Bagley, 473 US 667, 677-678 [1985]).
It is not determinative that the prosecutor denied any contemporaneous actual knowledge of the eyewitness’s criminal convictions as a consequence of his self-professed standard practice of not checking into such matters. “The requirement that the Brady material be in the People’s possession or control . . . has not been interpreted narrowly” (People v Santorelli, 95 NY2d 412, 421 [2000]; see People v Bryce, 88 NY2d 124, 128 [1996]; People v Vilardi, 76 NY2d 67, 73 [1990]). “A prosecutor must learn of any favorable evidence known to the others acting on the government’s behalf in the case’ and promptly disclose any such material evidence to the defendant” (Santorelli, 95 NY2d at 421; see People v Wright, 86 NY2d 591, 598 [1995]; People v Novoa, 70 NY2d 490, 498 [1987]). Here, the criminal record of the eyewitness was readily available to the prosecutor and certainly known to other individuals in his office who recently had prosecuted the eyewitness (see Pressley, 234 AD2d at 954). We nonetheless conclude under the circumstances of this case, in which there was no specific request for the exculpatory material in question, that there is no “reasonable probability” that the verdict would have been different had the material been disclosed to the defense and presented to the trier of fact (Hawes, 298 AD2d at 708; see People v Hale, 286 AD2d 987, 988 [2001], lv denied 97 NY2d 656 [2001]; People v Jones, 272 AD2d 930, 931 [2000], lv denied 95 NY2d 891 [2000]; see generally Bryce, 88 NY2d at 126, 128).
We reject the contention that defendant was denied effective assistance of counsel. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (see People v Davis, 307 AD2d 722, 723 [2003]; see generally People v Baldi, 54 NY2d 137, 147 [1981]). Contrary to defendant’s further contention, the proof offered by the prosecution at trial did not materially vary from the allegations set forth in the indictment (see People v Rivera, 84 NY2d 766, 771 [1995]; People v Grega, 72 NY2d 489, 496 [1988]; People v Spann, 56 NY2d 469, 472-474 [1982]; People v Wynn, 277 AD2d 946 [2000], lv denied 96 NY2d 765 [2001]). The evidence is legally sufficient to support the conviction and the verdict is not against the weight of the evidence (see People v Crawford, 299 AD2d 848, 849 [2002], lv denied 99 NY2d 581, 653 [2003]; People v Sullivan, 299 AD2d 933, 933-934 [2002], lv denied 99 NY2d 585 [2003]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The sentence is not unduly harsh or severe.
*984 We have considered the contentions raised in defendant’s pro se supplemental brief and conclude that they are without merit. Present—Pine, J.P, Hurlbutt, Kehoe, Lawton and Hayes, JJ.