THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO ROSARIO, Appellant. [810 NYS2d 140]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered May 14, 2004, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of seven years, unanimously affirmed.

Over objection, the court gave the jury a verdict sheet containing the following counts and parenthetical annotations: (1) robbery in the first degree (forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he uses or threatens the immediate use of a dangerous instrument); (2) robbery in the third degree (forcibly steals property); (3) petit larceny. On appeal, defendant argues that the verdict sheet was defective in that the parentheticals set

forth virtually the entire texts of Penal Law § 160.15 (3) and § 160.05. Defendant also argues that the court should have granted his request for a parenthetical as to petit larceny, since the defense theory was that defendant was guilty of only that crime.

Since the court submitted to the jury robbery in the first and third degrees, "two . . . counts charging offenses set forth in the same article of the law," it was authorized to annotate the verdict sheet with "specific statutory language, without defining the terms, by which the counts may be distinguished" (CPL 310.20 [2]). In its charge to the jury, the court explained the limited purpose for the annotations, that is, to "help differentiate between the charges because both charges come from the exact same section of the law." The court also instructed the jury that there was no additional language for the petit larceny count because "that charge comes from a different section of the law."

We conclude that the court complied with CPL 310.20 (2) in every respect. The parentheticals constituted "specific statutory language, without defining the terms, by which the counts may be distinguished," and the court correctly refused to supply an annotation for the petit larceny count because that crime (Penal Law § 155.25) is not "set forth in the same article of the law" as robbery. The jury instructions also complied with the statute.

CPL 310.20 (2) does not indicate how much "specific statutory language" is permissible. While single-word or similarly brief parentheticals may be appropriate (*People v Pimentel*, 282 AD2d 280 [2001], *lv denied* 96 NY2d 923 [2001]; *People v Fernandez*, 269 AD2d 184, 185 [2000], *lv denied* 95 NY2d 796 [2000]), nothing in the statute mandates that degree of brevity.

Here, the parentheticals accomplished the statutory purpose of enabling the jury to distinguish between robbery in the first and third degrees. On appeal, defendant suggests that the court should have employed the labels "dangerous instrument" for first-degree robbery and "forcibly" for third-degree robbery. We see no meaningful difference between those parentheticals and the ones used by the court.

Defendant further argues that by including, without his consent, what was essentially the complete texts of Penal Law § 160.15 (3) and § 160.05, the court ran afoul of CPL 310.30, which provides in pertinent part that "[w]ith the consent of the parties and upon the request of the jury for further instruction with respect to a statute, the court may also give to the jury copies of the text of any statute which, in its discretion, the court deems proper." We find defendant's argument unpersua-

sive, because CPL 310.30 specifically deals with requests for information made by deliberating juries, while CPL 310.20 governs the materials that jurors make take with them "upon retiring to deliberate." Accordingly, CPL 310.20 (2) addresses the specific situation at issue in this case and is controlling.

We have considered and rejected defendant's remaining arguments. Concur—Andrias, J.P., Friedman, Marlow, Catterson and Malone, JJ.