■ The People of the State of New York, Respondent, v Terron Fleming, Appellant. [817 NYS2d 44]—

Judgment, Supreme Court, Bronx County (Robert L. Cohen, J.), rendered November 17, 2003, convicting defendant, after a jury trial, of robbery in the third degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning credibility (*see People v Gaimari*, 176 NY 84, 94 [1903]).

In this case involving the taking of jewelry from the complainant, the court properly exercised its discretion in admitting evidence that at the time of his arrest defendant possessed several receipts for pawned jewelry. This did not constitute uncharged crimes evidence (*see e.g. People v Brown*, 277 AD2d 974 [2000],

*lv denied* 96 NY2d 756 [2001]; *People v Flores*, 210 AD2d 1 [1994], *lv denied* 84 NY2d 1031 [1995]), because there was no evidence that any of the pawned jewelry had been stolen, and because the court carefully instructed the jury that the pawn tickets did not involve criminal activity and that it should draw no such inference. The pawn tickets were sufficiently relevant to be admissible (*see generally People v Scarola*, 71 NY2d 769, 777 [1988]), in that, by showing defendant's familiarity with the amounts of cash that items of jewelry could readily produce, they tended to establish a motive to steal jewelry. The prosecutor did not use this evidence to make a propensity argument in summation, but instead made proper comments on defendant's testimony (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and without merit.

Defendant's remaining summation claims, and the arguments contained in his pro se supplemental brief, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Williams, JJ.