■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MILES, Appellant. [853 NYS2d 548]—

Testimony that defendant was arrested while in possession of six ski caps and five scarves, all with tags still on them, did not constitute uncharged crimes evidence (*see People v Fleming*, 30 AD3d 266 [2006], *lv denied* 7 NY3d 788 [2006]; *People v Brown*, 277 AD2d 974 [2000], *lv denied* 96 NY2d 756 [2001]; *People v Flores*, 210 AD2d 1 [1994], *lv denied* 84 NY2d 1031 [1995]). There was no evidence that the items were stolen, or used or intended to be used for purposes of disguise, and the court specifically directed the prosecution not to suggest that possession of the hats and scarves involved criminal activity; defendant's speculation that a jury might nevertheless draw such inferences is insufficient to bring this evidence into the realm of uncharged crimes. The evidence was sufficiently relevant to be admissible (*see generally People v Scarola*, 71 NY2d 769, 777 [1988]), in that it tended to explain why defendant no longer possessed the proceeds of the robbery at the time of his arrest. The People's only summation argument concerning this evidence was that defendant may have quickly spent the robbery proceeds on this merchandise. Whether or not this was a likely explanation did not go to the admissibility of the evidence, but to the weight to be accorded it by the trier of fact.

Upon his arrest, defendant asked the arresting officer if he was being charged with "160.10." Defendant concedes that the People were entitled to elicit evidence that Penal Law § 160.10 refers to second-degree robbery, but argues that since the People failed to do so, it was improper for the court to fill in that gap. We reject that argument, and conclude that the court properly declined to redact references to section 160.10 in the verdict sheet and its reading of the indictment. Although, in the context of the case, the fact that 160.10 refers to second-degree robbery tended to explain why defendant's statement evinced consciousness of guilt, this was still legal information that the court was authorized to give the jury (*see* CPL 300.10, 310.20 [2]; *see also*

Prince, Richardson on Evidence § 2-301 [Farrell 11th ed] [law of forum subject to judicial notice and need not be offered in evidence]). Moreover, by the time of defendant's application, the information defendant sought to redact had already been provided to the jury without objection in the court's preliminary instructions and in the prosecutor's opening statement and summation. Concur—Tom, J.P., Andrias, Nardelli and Sweeny, JJ.