■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFERY H. MILLER, Appellant. [901 NYS2d 444]—

Appeal from a judgment of the Supreme Court, Monroe County (Thomas M. Van Strydonck, J.), rendered October 23, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on counts one, five, six and seven of the indictment.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [former (2)]), and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]), defendant contends that reversal is required because the verdict sheet contained improper annotations and legal instructions. We agree.

Inasmuch as "two or more counts charging offenses set forth in the same article of the law" were submitted to the jury, i.e., the two weapons possession counts (CPL 310.20 [2]), Supreme Court was permitted to provide the jury with a verdict sheet "set[ting] forth the dates, names of complainants or specific statutory language, without defining the terms, by which the counts may be distinguished" (*id.*). Here, the court included in the verdict sheet an instruction that the jury was to determine whether "the Defendant established by a preponderance of the evidence that he acted under Extreme Emotional Disturbance." We conclude that the court thereby exceeded the statutory bounds of CPL 310.20 (2) by giving the jury a written legal

instruction on the burden of proof, rather than merely complying with "the statutory purpose of enabling the jury to distinguish between [the two weapons possession counts]" (*People v Rosario*, 26 AD3d 206, 207 [2006], *lv denied* 7 NY3d 762 [2006]; *see People v Sotomayer*, 173 AD2d 500, 506-508 [1991], *affd* 79 NY2d 1029 [1992]).

We reject the People's contention that harmless error analysis may be applied. The Court of Appeals expressly rejected the application of harmless error analysis to verdict sheet errors in *People v Damiano* (87 NY2d 477, 484-485 [1996]), and the Court thereafter wrote that the submission of a verdict sheet to which the defendant had not consented "affects the mode of proceedings prescribed by law" (*People v Collins*, 99 NY2d 14, 17 [2002]), which constitutes per se reversible error (*see generally People v Kisoon*, 8 NY3d 129 [2007]). Contrary to the People's contention, nothing in the amendments to CPL 310.20 (2), or their statutory history, suggests a legislative intent to overrule *Damiano* in that regard.

In light of our determination, we do not reach defendant's remaining contentions. Present—Centra, J.P., Peradotto, Lindley, Green and Gorski, JJ.