■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS QUINONES, Appellant. [936 NYS2d 161]—

The court properly denied defendant's request for a justification charge. In the circumstances of this case, defendant's entitlement to such a charge turned on whether there was a reasonable view of the evidence, viewed most favorably to defendant, that he only used nondeadly force.

In written and videotaped statements, defendant explained that, during an argument, the victim swung at defendant and missed him. Defendant then hit the victim, who fell on the bed. Defendant then "jumped on the bed" and the two men "started tussling on the bed." Defendant "somehow ended up putting [the victim] in a head lock." Defendant continued to hold the victim until he "stopped moving," whereupon defendant realized that the victim was dead. Defendant did not indicate how long he applied the hold prior to realizing that the victim was no longer moving. Based on her autopsy and review of defendant's statements, the medical examiner found that defendant had applied a carotid sleeper hold, which was consistent with her finding that the victim had died of homicidal asphyxiation. The medical examiner explained that application of a carotid sleeper hold will cause unconsciousness within 6 to 20 seconds, but that death will not result unless the hold is maintained for a period of minutes after the person loses consciousness. The medical examiner further testified that if a person being asphyxiated loses consciousness, that fact would be apparent to the assailant.

Accordingly, the evidence, viewed as a whole, established not only that defendant applied a carotid sleeper hold, but that he applied it for a lethal length of time after the victim had already lost consciousness; likewise, the evidence afforded no reasonable view to the contrary. Therefore, there was no reasonable view that defendant only used nondeadly physical force, and thus no jury issue as to whether defendant used deadly physical force, defined as "physical force which, under the circumstances in which it is used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [11]).

The court properly received evidence that defendant took the victim's body to a secluded area and set it on fire. This evidence was probative of consciousness of guilt and absence of accident. The photographic and videotape evidence relating to the body, which the court carefully limited, was not excessively gruesome or voluminous (*see People v Wood*, 79 NY2d 958 [1992]; *People v Pobliner*, 32 NY2d 356, 369-370 [1973], *cert denied* 416 US 905 [1974]). Defendant's remaining claims concerning this evidence, including his uncharged crimes argument, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Any inadequacy in the court's limiting instructions was harmless. Concur—Saxe, J.P., Sweeny, Moskowitz, Manzanet-Daniels and Román, JJ.