# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**795**

**KA 10-00667**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

DAVID MCCALLUM, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (VINCENT F. GUGINO OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID MCCALLUM, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered February 11, 2010. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends in his main and pro se supplemental briefs that the evidence is legally insufficient to support his conviction because the People failed to meet their burden of disproving his justification defense beyond a reasonable doubt. We reject that contention. The evidence at trial established that defendant administered a fatal beating to the victim without justification. Defendant's statement to the police that he struck the victim only once with his fist was contradicted by the Medical Examiner's testimony that the victim died as the result of "multiple" blunt force injuries. In addition, defendant admitted that the victim did not strike or harm him. Although defendant told the police that the victim threatened him with a hammer and screwdriver, no such tools were found at the crime scene and there is no evidence that the victim was otherwise armed. We also note that defendant, who was 6'3" tall and weighed approximately 200 pounds, was considerably larger than the victim. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support defendant's conviction insofar as it established "that a reasonable person in the same situation [as defendant] would not have perceived that deadly force was necessary" (*People v Umali*, 10 NY3d 417, 425, *rearg denied* 11 NY3d 744, *cert denied* ___ US ___, 129 S Ct 1595; *cf. People v McClellan*, 49

AD3d 1203, 1204, *lv denied* 11 NY3d 791). Contrary to defendant's further contention in his main brief, when viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the jury's rejection of the justification defense is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant's remaining contentions are raised in his main brief unless specified otherwise. Defendant's contention that County Court's justification charge was improper because it differed from the justification charge contained in the Criminal Jury Instructions lacks merit. The court's charge "accurately stated the applicable legal principles" and thus was not erroneous (*People v Horn*, 217 AD2d 406, 406, *lv denied* 86 NY2d 843; *see People v Coleman*, 70 NY2d 817, 819). In addition, the court properly refused to charge criminally negligent homicide as a lesser included offense. Although the court charged the lesser included offense of manslaughter in the second degree, the jury convicted defendant of manslaughter in the first degree. Thus, "defendant is foreclosed from challenging the court's denial of his request to charge the further lesser included offense[]" of criminally negligent homicide (*People v Williams*, 273 AD2d 824, 826, *lv denied* 95 NY2d 893; *see also People v Boettcher*, 69 NY2d 174, 180).

Defendant failed to preserve for our review his further contention that the court erroneously dismissed a prospective juror because he did not object to the prospective juror's dismissal (*see* CPL 470.05 [2]; *People v Hopkins*, 76 NY2d 872, 873), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject defendant's contention that the court erred in allowing the People to present evidence of a prior altercation between defendant and the victim. Evidence regarding the altercation was "relevant . . . to provide background information concerning the prior relationship between defendant and the victim" and was relevant to the determination whether defendant's use of deadly force was justified (*People v Perez*, 67 AD3d 1324, 1325, *lv denied* 13 NY3d 941).

Contrary to defendant's further contention, the verdict sheet did not contain an improper annotation (*see generally People v Damiano*, 87 NY2d 477, 480). The notation on the verdict sheet that manslaughter in the second degree was being submitted as a "lesser included offense" of manslaughter in the first degree is neither "statutory text" nor an "element[] of the crimes charged" (*id.*). Rather, that language simply "distinguished" between manslaughter in the first degree and the lesser included offense of manslaughter in the second degree, which is permitted pursuant to CPL 310.20 (2) (*see People v Miller*, 73 AD3d 1435, 1435, *affd* 18 NY3d 704).

We further conclude that the sentence is not unduly harsh or severe. Contrary to defendant's related contention in his pro se supplemental brief, the fact that the court imposed a more severe sentence after trial than that offered during plea negotiations does not demonstrate that defendant was punished for exercising his right to a trial (*see People v Taplin*, 1 AD3d 1044, 1046, *lv denied* 1 NY3d

635).

        We reject defendant's contention in his pro se supplemental brief that the court erred in denying his request for a jury charge regarding the justifiable use of physical force.  Defendant's entitlement to such a charge "turn[s] on whether there [is] a reasonable view of the evidence, viewed most favorably to defendant, that he only used nondeadly force" (*People v Quinones*, 91 AD3d 445, 445, *lv denied* 198 NY3d 961).  We conclude that, because of the severity of the victim's injuries, "there was no reasonable view [of the evidence] that defendant only used nondeadly physical force, and thus [there was] no jury issue . . . whether defendant used deadly physical force" (*id*. at 446).

        We have examined defendant's remaining contentions in his main and pro se supplemental briefs and conclude that none requires reversal or modification.

Entered:  June 15, 2012                    Frances E. Cafarell
                                           Clerk of the Court