People v Logan (2019 NY Slip Op 09138)





People v Logan


2019 NY Slip Op 09138


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1035 KA 16-02153

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BRANDON LOGAN, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TODD J. CASELLA, DISTRICT ATTORNEY, PENN YAN (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Yates County Court (W. Patrick Falvey, J.), rendered June 7, 2016. The judgment convicted defendant, upon a jury verdict, of forgery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of forgery in the second degree (Penal Law § 170.10 [1]), defendant contends that County Court erred in allowing evidence of a prior uncharged crime to be introduced. We reject that contention inasmuch as no such evidence was introduced at trial. Rather, the prosecutor made a remark during her opening statement that was immediately objected to by defense counsel, and the court sustained the objection and issued a curative instruction. In addition, prior to that remark, the court had instructed the jury that opening statements did not constitute evidence, and the jury is presumed to have followed the court's instruction (see People v Rivers, 18 NY3d 222, 226 [2011]; People v Martinez, 59 AD3d 361, 362 [1st Dept 2009], lv denied 12 NY3d 917 [2009]). Moreover, defendant's speculation that the jury would infer from the prosecutor's remark that a prior uncharged crime occurred is insufficient to establish a Molineux violation (see People v Miles, 49 AD3d 446, 447 [1st Dept 2008], lv denied 10 NY3d 867 [2008]).
We reject defendant's contention that the court erred in refusing to suppress identification testimony based on allegedly suggestive photo array identification procedures conducted by the police. The People met their initial burden of establishing the reasonableness of the police conduct at issue, and defendant failed to meet his ultimate burden of proving that the photo array procedures were unduly suggestive (see People v Alston, 101 AD3d 1672, 1672-1673 [4th Dept 2012]; see generally People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]). Two witnesses, who were brothers, viewed the same photo array but on separate occasions (see People v Hakeem, 210 AD2d 16, 17 [1st Dept 1994], lv denied 85 NY2d 973 [1995], reconsideration denied 87 NY2d 902 [1995], cert denied 517 US 1201 [1996]), and there was no evidence that the two witnesses communicated with each other between those procedures (see People v Seymour, 77 AD3d 976, 978 [2d Dept 2010]; People v Cummings, 109 AD2d 748, 748-749 [2d Dept 1985]).
Defendant also contends that the court erred in allowing testimony regarding the photo array procedures and abused its discretion in failing, sua sponte, to order a mistrial based on that testimony. We reject those contentions. The court sustained defense counsel's objections to that testimony, and defense counsel expressly stated that he was not requesting any curative instructions or a mistrial with respect to that testimony (see People v O'Neil, 38 AD3d 1305, 1307 [4th Dept 2007], lv denied 9 NY3d 848 [2007]). Moreover, the references to the photo array procedures were both brief and inadvertent (see People v Proctor, 104 AD3d 1290, 1291 [4th Dept 2013], lv denied 21 NY3d 1008 [2013]), and the jury already knew that there was at least one photo array procedure through defense counsel's cross-examination of one of the [*2]brothers (see generally People v Williams, 273 AD2d 824, 826 [4th Dept 2000], lv denied 95 NY2d 893 [2000]).
Defendant contends that the evidence is legally insufficient to support the conviction because the testimony of an accomplice, i.e., one of the brothers, was not sufficiently corroborated. We reject that contention. Accomplice testimony must be corroborated by evidence "tending to connect the defendant with the commission of [an] offense" (CPL 60.22 [1]). Here, several witnesses provided testimony that " tend[ed] to connect . . . defendant with the commission of the crime in such a way as [could] reasonably satisfy the jury that the accomplice [was] telling the truth' " (People v Reome, 15 NY3d 188, 192 [2010]; see People v Lipford, 129 AD3d 1528, 1529 [4th Dept 2015], lv denied 26 NY3d 1041 [2015]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that he was denied a fair trial by prosecutorial misconduct when the prosecutor referenced an uncharged crime during her opening statement, when she elicited testimony regarding the photo array procedures, and when she made remarks in summation allegedly vouching for the credibility of the People's witnesses. After defendant's objections to the testimony regarding the photo array procedures were sustained, he did not request a curative instruction or move for a mistrial, and thus that aspect of his contention is not preserved for our review (see People v Heide, 84 NY2d 943, 944 [1994]). In addition, defendant did not object to the prosecutor's remarks in summation that he now challenges on appeal, and thus that aspect of his contention is also not preserved (see People v Maxey, 129 AD3d 1664, 1666 [4th Dept 2015], lv denied 27 NY3d 1002 [2016], reconsideration denied 28 NY3d 933 [2016]). In any event, those remarks were fair response to defense counsel's summation (see People v Lewis, 154 AD3d 1329, 1331 [4th Dept 2017], lv denied 30 NY3d 1106 [2018]). Additionally, we conclude that the remaining instance of alleged error by the prosecutor was not so egregious as to deprive defendant of a fair trial (see People v Garner, 145 AD3d 1573, 1574 [4th Dept 2016], lv denied 29 NY3d 1031 [2017]). Reversal for prosecutorial misconduct is mandated " only when the conduct [complained of] has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law' " (People v Jacobson, 60 AD3d 1326, 1328 [4th Dept 2009], lv denied 12 NY3d 916 [2009]), and there was no such prejudice here.
We reject defendant's contention that he was denied a fair trial based on the cumulative effect of the errors alleged herein (see People v Tuff, 156 AD3d 1372, 1378 [4th Dept 2017], lv denied 31 NY3d 1018 [2018]). Finally, the sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court