People v Miller (2024 NY Slip Op 00548)

People v Miller

2024 NY Slip Op 00548

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, BANNISTER, OGDEN, AND DELCONTE, JJ.

956 KA 19-00776

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY H. MILLER, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MERIDETH H. SMITH OF COUNSEL), FOR RESPONDENT. 

 Appeal from an order of the Supreme Court, Monroe County (Judith A. Sinclair, J.), entered January 8, 2019. The order, insofar as appealed from, denied that part of the motion of defendant seeking DNA testing pursuant to CPL 440.30. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order insofar as it denied without a hearing that part of his postjudgment motion seeking, pursuant to CPL 440.30 (1-a), to have forensic DNA testing performed with respect to certain items of evidence related to his conviction of murder in the second degree (Penal Law § 125.25 [1]) and three other crimes. On a prior appeal, we reversed the judgment convicting him following an initial jury trial of the same four crimes and granted him a new trial on the counts of the indictment charging him with those crimes (People v Miller, 73 AD3d 1435, 1435-1436 [4th Dept 2010], affd 18 NY3d 704 [2012]). On a subsequent appeal following the retrial, we modified the sentence imposed, and as modified, we affirmed the judgment convicting him of those crimes (People v Miller, 148 AD3d 1689, 1690 [4th Dept 2017], lv denied 29 NY3d 1083 [2017]).
Contrary to defendant's contention, Supreme Court properly denied that part of his postjudgment motion that sought relief under CPL 440.30 (1-a). Defendant failed to establish that "there exists a reasonable probability that the verdict would have been more favorable to [him]" if the DNA evidence in question had been tested and the test results were admitted in evidence (CPL 440.30 [1-a] [a] [1]; see People v Mixon, 129 AD3d 1509, 1509 [4th Dept 2015], lv denied 26 NY3d 1090 [2015], cert denied 578 US 980 [2016]; People v Swift, 108 AD3d
1060, 1061-1062 [4th Dept 2013], lv denied 21 NY3d 1077 [2013]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court