■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR SCHUH, Appellant. [771 NYS2d 785]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered October 1, 2001. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated as a felony, aggravated unlicensed operation of a motor vehicle in the first degree, reckless endangerment in the second degree, and various traffic infractions.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of driving while intoxicated (DWI) as a class E felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]), aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]), reckless endangerment in the second degree (Penal Law § 120.20), and various traffic infractions. Contrary to the contention of defendant, the evidence is legally sufficient to establish that he operated a motor vehicle

while in an intoxicated condition (*see People v Smith,* 306 AD2d 858 [2003], *lv denied* 100 NY2d 587 [2003]; *People v Panek,* 305 AD2d 1098 [2003], *lv denied* 100 NY2d 623 [2003]; *People v Thompson,* 299 AD2d 889, 890 [2002], *lv denied* 99 NY2d 585 [2003]; *see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Defendant's challenge to the sufficiency of the special information is not preserved for our review (*see People v Mc-Donald,* 295 AD2d 756, 757 [2002], *lv denied* 98 NY2d 711 [2002]; *People v Mienko,* 282 AD2d 283 [2001], *lv denied* 96 NY2d 904 [2001]; *People v Torres,* 96 AD2d 604, 605 [1983]; *see generally People v Finger,* 95 NY2d 894, 895 [2000]; *People v Gray,* 86 NY2d 10, 19 [1995]).

Defendant was not deprived of a fair trial by prosecutorial misconduct on summation. The prosecutor's remarks constituted fair comment on defendant's refusal to submit to a breath test (*see generally People v Ashwal,* 39 NY2d 105, 109-110 [1976]; *People v Root,* 298 AD2d 855 [2002], *lv denied* 99 NY2d 564 [2002]), more particularly, on the inference of consciousness of guilt that may be drawn from one's refusal after receiving the appropriate warnings (*see* Vehicle and Traffic Law § 1194 [2] [f]; *see also People v Gallup,* 302 AD2d 681, 683 [2003], *lv denied* 100 NY2d 594 [2003]; *People v Hasenflue,* 252 AD2d 829, 831-832 [1998], *lv denied* 92 NY2d 982 [1998]; *People v D'Angelo,* 244 AD2d 788, 789 [1997], *lv denied* 91 NY2d 890 [1998]). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.