■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. DICKENS, Appellant. [849 NYS2d 837]—

Appeal from a judgment of the Steuben County Court (Peter C. Bradstreet, J.), rendered March 31, 2003. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]). Defendant failed to preserve for our review his contention that County Court erred in failing to administer an oath to the prospective jurors after they entered the jury box for voir dire in violation of CPL 270.15 (1) (a) (*see* CPL 470.05 [2]; *see also People v Rodriguez*, 32 AD3d 1203, 1204 [2006], *lv denied* 8 NY3d 849 [2007]; *People v Melendez*, 205 AD2d 392 [1994], *lv denied* 84 NY2d 829 [1994]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The contention of defendant in his pro se supplemental brief that the 10-year-old victim was not competent to testify was not

preserved for our review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see* CPL 60.20 [2]; *see generally People v Peppard*, 27 AD3d 1143 [2006], *lv denied* 7 NY3d 793 [2006]). We further conclude that the seasonal time frame of "[f]all, 2001" set forth in the indictment for both counts of sexual abuse in the first degree was "sufficiently specific" in view of the nature of the offense and the age of the victim (*People v Furlong*, 4 AD3d 839, 840 [2004], *lv denied* 2 NY3d 739 [2004]; *see People v Smith*, 272 AD2d 713, 714 [2000], *lv denied* 95 NY2d 871 [2000]; *People v Keefer*, 262 AD2d 791, 792 [1999], *lv denied* 94 NY2d 824 [1999]). Finally, "without the benefit of additional background facts that might have been developed had an appropriate postjudgment motion been made pursuant to CPL 440.10 . . . , the record before us does not indicate that defendant's trial representation was ineffective" (*People v Espinal*, 220 AD2d 276, 276 [1995], *lv denied* 87 NY2d 900 [1995]; *see People v Huntsman*, 296 AD2d 858 [2002], *lv denied* 99 NY2d 536, 615 [2002]; *see also People v Brown*, 45 NY2d 852, 853-854 [1978]). Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.