THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARKETHY McCLELLAN, Appellant. (Appeal No. 2.) [856 NYS2d 351]—

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Contrary to the contention of defendant, Supreme Court properly determined that he failed to meet his burden of establishing that African-Americans were " 'systematically excluded' " from jury service (*People v Guzman*, 60 NY2d 403, 410 [1983], *cert denied* 466 US 951 [1984]; *see* CPL 270.10 [1], [2]), and we conclude that defendant's statutory and constitutional rights to a jury pool representing a fair cross section of the community were not violated (*see People v Shedrick*, 66 NY2d 1015, 1017 [1985], *rearg denied* 67 NY2d 758 [1986]; *Guzman*, 60 NY2d at 410; *People v Jordan*, 261 AD2d 947 [1999], *lv denied* 93 NY2d 1003 [1999]; *see generally* Judiciary Law § 500).

Defendant failed to preserve for our review his contention

that the evidence is legally insufficient to support the conviction of assault in the second degree based on the People's failure to disprove his justification defense inasmuch as he failed to move for a trial order of dismissal on that ground (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented evidence establishing that the 17-year-old defendant and four companions, all of whom are African-Americans, were followed by approximately five Caucasian men while walking in a predominately Caucasian neighborhood and that the Caucasian men yelled racial epithets and initiated a physical confrontation. Three of the Caucasian men, who were unarmed, sustained stab wounds; defendant is convicted of stabbing one of the men. A nonparticipating eyewitness testified that the two groups of men fought "one-on-one," and the victim and another participant testified that defendant and the victim were standing upright and engaged in a fist fight when defendant stabbed the victim. The People also presented evidence that defendant informed a police officer that he "wasn't about to run" because he was "sick of those white racists." Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to conclude that, although the evidence may support a finding that defendant *"actually believed* that deadly physical force was necessary," it nevertheless supports a finding that defendant's belief was not reasonable under the circumstances (*People v Wesley*, 76 NY2d 555, 559 [1990]; *see People v Butera*, 23 AD3d 1066, 1068 [2005], *lv denied* 6 NY3d 774, 832 [2006]).

We reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Defendant testified that he was pulled to the ground when he tried to run from the group of Caucasian men and that he swung his knife "wildly" while "five, six, seven" men beat and kicked him. Thus, we conclude that a different finding would not have been unreasonable (*see generally id.*). Nevertheless, the jury's opportunity to view the witnesses and hear the testimony is entitled to great deference, and we further conclude that it does not appear that the jury failed to give the evidence the weight it should be accorded (*see generally id.*). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.