■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR NELSON, Appellant. (Appeal No. 1.) [871 NYS2d 535]—

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, kidnapping in the second degree (Penal Law § 135.20) and assault in the second degree (§ 120.05 [2]). Contrary to defendant's contention, Supreme Court properly admitted in evidence testimony concerning bat-

tered woman syndrome. That testimony was relevant " 'to explain behavior on the part of the [victim] that might seem unusual to a lay jury unfamiliar with the patterns of response exhibited' by a person who has been physically and sexually abused over a period of time" (*People v Hryckewicz*, 221 AD2d 990, 991 [1995], *lv denied* 88 NY2d 849 [1996], quoting *People v Bennett*, 79 NY2d 464, 471 [1992]; *see People v Smith*, 9 AD3d 745, 747 [2004], *lv denied* 3 NY3d 742 [2004]).

Contrary to defendant's further contention, the court did not abuse its discretion in admitting evidence of defendant's prior bad acts, i.e., incidents concerning defendant's prior abuse of the victim, "as background material to aid the jury in understanding the relationship between defendant and the victim" (*People v Cook*, 251 AD2d 1033, 1034 [1998], *affd* 93 NY2d 840 [1999]; *see People v Sommerville*, 30 AD3d 1093, 1094 [2006]; *People v Wright*, 288 AD2d 409 [2001], *lv denied* 97 NY2d 763 [2002]). The evidence of that prior abuse was relevant with respect to defendant's motive and intent, as well as with respect to the absence of mistake or accident (*see People v Irvine*, 52 AD3d 866, 867-868 [2008], *lv denied* 11 NY3d 737 [2008]; *People v Beriguete*, 51 AD3d 939 [2008], *lv denied* 11 NY3d 734 [2008]; *Wright*, 288 AD2d at 410).

Finally, defendant failed to preserve for our review his contention that the conviction of kidnapping is barred by the merger doctrine (*see People v Richard*, 30 AD3d 750, 755 [2006], *lv denied* 7 NY3d 869 [2006]; *see generally People v Padro*, 75 NY2d 820 [1990], *rearg denied* 75 NY2d 1005 [1990], *rearg dismissed* 81 NY2d 989 [1993]; *People v D'Eredita*, 302 AD2d 925 [2003], *lv denied* 99 NY2d 654 [2003]). In any event, that contention is without merit (*see People v O'Connor*, 21 AD3d 1364 [2005], *lv denied* 6 NY3d 757 [2005]; *People v Santiago*, 305 AD2d 1109, 1110 [2003], *lv denied* 100 NY2d 586 [2003]; *People v Schojan*, 272 AD2d 932, 934 [2000], *lv denied* 95 NY2d 871 [2000]). Present—Martoche, J.P., Smith, Fahey and Pine, JJ.