■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. HAYES, IV, Appellant. [897 NYS2d 370]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered November 29, 2006. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of incarceration of 10 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law § 125.20 [1]). Defendant failed to preserve for our review his contention that the prosecutor's remark to a prospective juror during jury selection concerning defendant's motive for approaching the police tainted the panel of prospective jurors and that the prospective juror in question should have been disqualified (see CPL 470.05 [2]). Defendant also failed to preserve for our review his contention that County Court violated CPL 270.05 (2) in conducting the jury selection (see generally People v Martin, 60 AD3d 871 [2009], lv denied 12 NY3d 917 [2009]; People v Dickens, 48 AD3d 1034 [2008], lv denied 10 NY3d 958 [2008]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).

Contrary to defendant's contention, the court did not abuse its discretion in admitting photographs of the autopsy in evidence (see People v Williams, 28 AD3d 1059, 1060 [2006], affd 8 NY3d 854 [2007]; see generally People v Stevens, 76 NY2d 833, 835 [1990]). "Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, 32 NY2d 356, 370 [1973], rearg denied 33 NY2d 657 [1973], cert denied 416 US 905 [1974]), and that is not the case here. The photographs were properly admitted in evidence to assist the jury in

understanding the Medical Examiner's testimony concerning the extent of the victim's stab wound. The further contention of defendant that the verdict sheet was confusing and improper because it did not mention his justification defense is without merit (*see People v Bolling*, 49 AD3d 1330, 1332 [2008]; *People v Dempsey*, 177 AD2d 1018 [1991], *lv denied* 79 NY2d 946 [1992]; *People v Campbell*, 160 AD2d 717 [1990], *lv denied* 76 NY2d 732 [1990]). The verdict sheet complied with CPL 310.20 (2), which allows the court to give the jury a written list "containing the offenses submitted to the jury by the court in its charge and the possible verdicts thereon."

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence based on the People's failure to disprove his justification defense beyond a reasonable doubt (*see People v Gray*, 86 NY2d 10, 19 [1995]; *People v McClellan*, 49 AD3d 1203 [2008], *lv denied* 11 NY3d 791 [2008]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant, however, that the sentence is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence to a determinate term of incarceration of 10 years. We have examined defendant's remaining contentions and conclude that they are without merit. Present—Centra, J.P., Peradotto, Lindley, Green and Gorski, JJ.