■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAZARAY A. GREEN, Appellant. [899 NYS2d 704]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered February 21, 2007. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by directing that the sentence imposed for criminal possession of a weapon in the second degree shall run concurrently with the sentence imposed for manslaughter in the second degree and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]), criminal possession of a weapon in the second degree (§ 265.03 [1] [b]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). We agree with defendant that the sentence imposed for criminal possession of a weapon in the second degree must run concurrently with the sentence imposed for manslaughter in the second degree, and we therefore modify the judgment accordingly. "Given the element of intent to use the weapon unlawfully

against another and the lack of any evidence that defendant intended to use his weapon unlawfully against another apart from its use in the shooting, the crimes of criminal possession of a weapon in the second degree and [manslaughter] must be regarded as a 'single act or omission' " (*People v Manor*, 38 AD3d 1257, 1259 [2007], *lv denied* 9 NY3d 847 [2007], quoting Penal Law § 70.25 [2]; *see People v Hamilton*, 4 NY3d 654, 657-658 [2005]). The record belies defendant's further contention that County Court failed to consider rehabilitation in determining the appropriate sentence to impose. Indeed, the record establishes that the court considered rehabilitation in "perform-[ing] the delicate balancing necessary to accommodate the public and private interests represented in the criminal process" in sentencing a defendant (*People v Farrar*, 52 NY2d 302, 306 [1981]). The record also fails to support defendant's contention that, in sentencing defendant, the court considered crimes of which defendant was acquitted (*see People v Ealey*, 272 AD2d 269, 270 [2000], *lv denied* 95 NY2d 865 [2000]). Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.