■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY COX, Appellant. [910 NYS2d 812]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered April 29, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of robbery in the first degree (Penal Law § 160.15 [1], [2]), defendant contends that Supreme Court erred in refusing to grant a mistrial based on the testimony of a prosecution witness that he was required to undergo a polygraph examination as part of a plea agreement. We reject that contention. The record establishes that the testimony was elicited by defense counsel in cross-examining that witness, and that the court instructed the jury that the testimony was not relevant and twice directed the jury to disregard it. We conclude that the court's curative instructions " 'were sufficient to alleviate any prejudice to defendant' " and thus that the court did not abuse its discretion in refusing to grant a mistrial (*People v Robinson*, 309 AD2d 1228, 1229 [2003], *lv denied* 1 NY3d 579 [2003]; *see People v Adeline*, 122 AD2d 61 [1986], *lv denied* 69 NY2d 707 [1986]; *see generally People v Ortiz*, 54 NY2d 288, 292 [1981]).

Defendant further contends that he was deprived of a fair trial by prosecutorial misconduct on summation. With respect to that part of the summation to which defendant objected, we note that the court issued an immediate curative instruction and that defendant did not further object or seek a mistrial. Thus, "the curative instruction 'must be deemed to have corrected [any] error to the defendant's satisfaction' " (*People v Sweeney*, 15 AD3d 917, 917 [2005], *lv denied* 4 NY3d 891 [2005],

quoting *People v Heide*, 84 NY2d 943, 944 [1994]). Defendant failed to preserve for our review his contention with respect to the remainder of the comments on summation (*see* CPL 470.05 [2]), and we decline to exercise our power to review his contention with respect to those remaining comments as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the testimony of the accomplice was not sufficiently corroborated, as required by CPL 60.22 (1) (*see* CPL 470.05 [2]), and in any event that contention is without merit (*see generally People v Reome*, 15 NY3d 188, 191-192 [2010]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the further contention of defendant that remarks of the court at sentencing indicated that the court, in determining an appropriate sentence, improperly considered the murder charges of which defendant was acquitted (*see People v Green*, 72 AD3d 1601, 1602 [2010]; *People v Calderon*, 66 AD3d 314, 322 [2009], *lv denied* 13 NY3d 858 [2009]; *cf. People v. Reeder*, 298 AD2d 468 [2002], *lv denied* 99 NY2d 538 [2002]). Defendant is correct that, during the sentencing proceedings, the court mentioned that a death had occurred and noted the loss sustained by the family of the victim. "Manifestly, a sentencing court must consider all circumstances relating to the crime and the defendant when imposing a sentence following conviction (*see generally* Penal Law § 65.00 [1] [a]). Accordingly, defendant's acquittal on the [murder charges] did not require [Supreme] Court to overlook the fact that the circumstances of defendant's crime included a death" (*People v Hamlin*, 21 AD3d 701, 702 [2005], *lv denied* 5 NY3d 852 [2005]). Furthermore, the robbery charge of which defendant was convicted in count three required that the People prove that defendant or another participant in the crime caused a nonparticipant in the crime to sustain a serious physical injury (*see* Penal Law § 160.15 [1]), which is defined, inter alia, as "physical injury which . . . causes death" (§ 10.00 [10]). Therefore, in imposing sentence, the court properly commented upon one of the elements of a crime of which defendant was convicted. In addition, the court repeatedly noted that it was only considering the robbery charges of which defendant was convicted in imposing the sentence. Also contrary to defendant's contention, the sentence is not unduly harsh or severe.

We have considered defendant's remaining contentions and

conclude that they are without merit. Present—Smith, J.P., Peradotto, Carni, Sconiers and Gorski, JJ.