# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**4**
**KA 10-00813**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

MARK J. DAVIS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 18, 2009. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). We reject defendant's contention that the stop of his vehicle was improper. Rather, we conclude that the stop was lawful inasmuch as the officer observed defendant committing a traffic violation (*see People v Robinson*, 97 NY2d 341, 348-349; *People v White*, 27 AD3d 1181). Contrary to defendant's further contention, County Court did not abuse its discretion in denying his request for an adjournment (*see People v Jones*, 79 AD3d 1773, 1774, *lv denied* 16 NY3d 832; *People v Green*, 74 AD3d 1899, 1900-1901, *lv denied* 15 NY3d 852; *see generally People v Diggins*, 11 NY3d 518, 524). Defendant failed to preserve for our review his contention that the court violated CPL 270.05 (2) in conducting the jury selection (*see People v Hayes*, 71 AD3d 1477, *lv denied* 15 NY3d 751), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to establish that he was intoxicated by alcohol (*see People v Gray*, 86 NY2d 10, 19; *see also People v Rawleigh*, 89 AD3d 1483). In any event, his contention is

without merit.  Defendant did not contest that he was driving erratically and that he failed the sobriety tests, but he blamed his inability to pass the sobriety tests on the prescription medication he was taking.  The arresting officer, however, testified that he smelled alcohol, particularly beer, on defendant's breath.  In addition, defendant admitted to him that he drank three beers at a local bar, and defendant refused to take a breathalyzer test, which permitted the jury to infer that he refused to take the test because he knew that the results would be incriminating (*see* Vehicle and Traffic Law § 1194 [2] [f]; *People v Schuh*, 4 AD3d 751, *lv denied* 2 NY3d 806).  Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support the conviction (*see People v Scroger*, 35 AD3d 1218, *lv denied* 8 NY3d 950; *People v Shank*, 26 AD3d 812, 813-814; *People v Milo*, 300 AD2d 680, 681, *lv denied* 99 NY2d 630).  In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant contends that he was denied a fair trial by prosecutorial misconduct on summation.  The court sustained defendant's objection to the comment made by the prosecutor on summation and issued a curative instruction.  In the absence of any further objection, "the curative instruction[] must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944; *see People v Cox*, 78 AD3d 1571, 1571-1572, *lv denied* 16 NY3d 742).  We reject the further contention of defendant that he was denied effective assistance of counsel.  Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).  Finally, the sentence is not unduly harsh or severe.

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court