# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**440**

**KA 10-00813**

PRESENT: CENTRA, J.P., FAHEY, CARNI, WHALEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                   MEMORANDUM AND ORDER

MARK J. DAVIS, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (COURTNEY E. PETTIT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 18, 2009.  The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony, and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On a prior appeal, we affirmed the judgment convicting defendant upon a jury verdict of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]; *People v Davis*, 91 AD3d 1273).  We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., that County Court erred when it allegedly failed to comply with CPL 310.30 in regard to court exhibit #4 (*People v Davis*, 96 AD3d 1512), and we vacated our prior order.  We now consider the appeal de novo.

Contrary to the contention of defendant, the court complied with CPL 310.30 in regard to court exhibit #4.  The supplemental transcript that was submitted by the People with their brief establishes that the court provided meaningful notice to the parties of the contents of the jury note and provided a meaningful response thereto (*see generally People v Kadarko*, 14 NY3d 426, 429; *People v O'Rama*, 78 NY2d 270, 276-277).  We reject defendant's contention that we should not rely upon the supplemental transcript because it was not part of the original record on appeal.  The supplemental transcript was certified by the court reporter as being an accurate transcript from the final day of the trial, and was "recertified" by her with respect to court exhibit #4 and the colloquy relating thereto, "which was inadvertently omitted from the original transcript."  The parties stipulated that

transcripts of the jury trial would be submitted to this Court, and
the supplemental transcript thus falls within that stipulation.
Moreover, according to our rules, "[i]n a criminal matter, the failure
of the parties or their attorneys to list in the stipulation to the
record on appeal any transcript, exhibit or other document that
constituted a part of the underlying prosecution shall not preclude
the [C]ourt from considering such transcript, exhibit or other
document in determining the appeal" (22 NYCRR 1000.4 [a] [1] [iii]).
We may therefore consider the supplemental transcript attached to the
People's brief pursuant to that rule.

Defendant failed to preserve for our review his contention that
the court violated CPL 270.15 (2) in conducting the jury selection
(*see generally People v Hayes*, 71 AD3d 1477, 1477, *lv denied* 15 NY3d
751; *People v Dickens*, 48 AD3d 1034, 1034, *lv denied* 10 NY3d 958), and
we decline to exercise our power to review that contention as a matter
of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We
reject defendant's further contention that he was denied effective
assistance of counsel based on defense counsel's failure to preserve
for our review the contention regarding the court's alleged violation
of CPL 270.15 (2) (*see People v Madera*, 103 AD3d 1197, 1200).  Viewing
the evidence in light of the elements of the crimes as charged to the
jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's
contention that the verdict is against the weight of the evidence (*see
generally People v Bleakley*, 69 NY2d 490, 495).

Defendant contends that the court erred in denying his motion in
limine concerning the People's alleged spoliation of evidence, i.e., a
whiskey bottle and a prescription bottle of hydrocodone.  We reject
that contention.  A police officer observed a one-half to three-
quarter full whiskey bottle in the center of the front seat of
defendant's vehicle when he was pulled over, and the officer left the
whiskey bottle in the vehicle without touching it.  After defendant
was arrested, the officer found a prescription medication bottle
containing hydrocodone on defendant's person, which was returned to
him.  Inasmuch as the police never lost or destroyed any evidence,
there was no spoliation (*see generally People v Haupt*, 71 NY2d 929,
931).

Entered:  May 3, 2013                        Frances E. Cafarell
                                             Clerk of the Court