Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 18, 2009. The judgment convicted defendant, upon a jury verdict, of driving while intoxicated, a class D felony, and aggravated unlicensed operation of a motor vehicle in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On a prior appeal, we affirmed the judgment convicting defendant upon a jury verdict of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [ii]; People v Davis, 91 AD3d 1273 [2012]). We subsequently granted defendant’s motion for a writ of error co-ram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., that County Court erred when it allegedly failed to comply with CPL 310.30 in regard to court exhibit No. 4 (People v Davis, 96 AD3d 1512 [2012]), and we vacated our prior order. We now consider the appeal de novo.
*1511 Contrary to the contention of defendant, the court complied with CPL 310.30 in regard to court exhibit No. 4. The supplemental transcript that was submitted by the People with their brief establishes that the court provided meaningful notice to the parties of the contents of the jury note and provided a meaningful response thereto (see generally People v Kadarko, 14 NY3d 426, 429 [2010]; People v O’Rama, 78 NY2d 270, 276-277 [1991]). We reject defendant’s contention that we should not rely upon the supplemental transcript because it was not part of the original record on appeal. The supplemental transcript was certified by the court reporter as being an accurate transcript from the final day of the trial, and was “recertified” by her with respect to court exhibit No. 4 and the colloquy relating thereto, “which was inadvertently omitted from the original transcript.” The parties stipulated that transcripts of the jury trial would be submitted to this Court, and the supplemental transcript thus falls within that stipulation. Moreover, according to our rules, “[i]n a criminal matter, the failure of the parties or their attorneys to list in the stipulation to the record on appeal any transcript, exhibit or other document that constituted a part of the underlying prosecution shall not preclude the [C]ourt from considering such transcript, exhibit or other document in determining the appeal” (22 NYCRR 1000.4 [a] [1] [iii]). We may therefore consider the supplemental transcript attached to the People’s brief pursuant to that rule.
Defendant failed to preserve for our review his contention that the court violated CPL 270.15 (2) in conducting the jury selection (see generally People v Hayes, 71 AD3d 1477, 1477 [2010], lv denied 15 NY3d 751 [2010]; People v Dickens, 48 AD3d 1034, 1034 [2008], lv denied 10 NY3d 958 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We reject defendant’s further contention that he was denied effective assistance of counsel based on defense counsel’s failure to preserve for our review the contention regarding the court’s alleged violation of CPL 270.15 (2) (see People v Madera, 103 AD3d 1197, 1200 [2013]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant’s contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that the court erred in denying his motion in limine concerning the People’s alleged spoliation of evidence, i.e., a whiskey bottle and a prescription bottle of hydrocodone. We reject that contention. A police officer observed *1512 a one-half to three-quarter full whiskey bottle in the center of the front seat of defendant’s vehicle when he was pulled over, and the officer left the whiskey bottle in the vehicle without touching it. After defendant was arrested, the officer found a prescription medication bottle containing hydrocodone on defendant’s person, which was returned to him. Inasmuch as the police never lost or destroyed any evidence, there was no spoliation (see generally People v Haupt, 71 NY2d 929, 931 [1988]). Present—Centra, J.P., Fahey, Garni, Whalen and Martoche, JJ.