# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1354**

**KA 11-02610**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES E. HIGHSMITH, ALSO KNOWN AS JAMES E.
HIGHSMITH, III, DEFENDANT-APPELLANT.

---

LAW OFFICES OF JOSEPH D. WALDORF, P.C., ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered October 28, 2011. The judgment convicted defendant, after a nonjury trial, of burglary in the first degree and burglary in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, after a nonjury trial, of burglary in the first degree (Penal Law § 140.30 [2]) and burglary in the second degree (§ 140.25), defendant contends that the People did not sufficiently corroborate the testimony of the accomplices, as required by CPL 60.22 (1). We reject that contention. It is well settled that " '[t]he corroborative evidence need not show the commission of the crime . . . It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth' " (*People v Reome*, 15 NY3d 188, 192-193, quoting *People v Dixon*, 231 NY 111, 116). "[E]vidence that defendant was present at the scene of the crime or was with the accomplices shortly before or after the crime can, under certain circumstances, provide the necessary corroboration of the accomplices' testimony" (*People v Bolden,* 161 AD2d 1126, 1126-1127, *lv denied* 76 NY2d 853). Here, three accomplices testified that defendant planned the crime along with them, accompanied them to the crime, acted as a lookout during the crime, accompanied them to a motel room immediately after the crime, and accepted his share of the proceeds of the crime, including cash and drugs. An employee of the motel testified that defendant paid for that motel room in cash, and defendant gave a statement to the police admitting that he accompanied the codefendants to that room and paid for the room. The employee's testimony and defendant's statement

" 'harmonized' " with the accomplice testimony (*People v McRae*, 15 NY3d 761, 762, *rearg denied* 15 NY3d 902).  Furthermore, mail addressed to defendant was recovered from one of the vehicles used in the commission of the crime (*see generally People v Rodriguez*, 22 NY3d 917, 918).

Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (*see People v Williams*, 84 NY2d 925, 926), we conclude that it is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant's contentions with respect to the sufficiency of the evidence submitted to the grand jury are "not reviewable on appeal because the grand jury minutes are not included in the record on appeal" (*People v Dilbert*, 1 AD3d 967, 967-968, *lv denied* 1 NY3d 626; *see generally People v Lane*, 47 AD3d 1125, 1127 n 3, *lv denied* 10 NY3d 866).  In any event, "[i]t is well established that '[t]he validity of an order denying any motion [to dismiss an indictment for legal insufficiency of the grand jury evidence] is not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence' " (*People v Afrika*, 79 AD3d 1678, 1679, *lv denied* 17 NY3d 791, quoting CPL 210.30 [6]) and, as we concluded herein, the trial evidence is legally sufficient.  Finally, inasmuch as the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defense counsel provided meaningful representation, we reject defendant's contention that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

We have reviewed defendant's remaining contention and conclude that it lacks merit.

Entered:  January 2, 2015                          Frances E. Cafarell
                                                   Clerk of the Court