# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**717**

**KA 08-00227**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

KEVIN D. LIPFORD, ALSO KNOWN AS KEVY KEV,
DEFENDANT-APPELLANT.

---

JOHN R. LEWIS, SLEEPY HOLLOW, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 21, 2007. The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of kidnapping in the second degree (Penal Law § 135.20). The jury acquitted defendant of the remaining counts of the indictment, including murder in the second degree (§ 125.25 [3]), robbery in the first degree (§ 160.15 [2]), and assault in the second degree (§ 120.05 [2]). We reject defendant's contention that the testimony of an accomplice was not sufficiently corroborated. Accomplice testimony must be corroborated by evidence "tending to connect the defendant with the commission of [an] offense" (CPL 60.22 [1]). " 'The corroborative evidence need not show the commission of the crime . . . It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth' " (*People v Reome*, 15 NY3d 188, 192-193, quoting *People v Dixon*, 231 NY 111, 116). Indeed, "some evidence may be considered corroborative even though it simply supports the accomplice testimony, and does not independently incriminate the defendant" (*id.* at 194). Moreover, "evidence that defendant was present at the scene of the crime or was with the accomplices shortly before or after the crime can, under certain circumstances, provide the necessary corroboration of the accomplices' testimony" (*People v Bolden*, 161 AD2d 1126, 1126-1127, *lv denied* 76 NY2d 853).

Here, the accomplice testified that he met defendant, the victim,

and a codefendant outside the house at 98 Durnan Street; the victim looked like he had been beaten, and his hands were behind his back. They proceeded to the basement of 12 Athens Street, where they were joined by another codefendant. There, over the course of about an hour, one of the codefendants beat the victim and poured gasoline in his shoes in an attempt to get him to set up a drug deal with his friend (murder victim). The victim's hands were tied with plastic ties. After the victim made the call, defendant, the accomplice, the victim, and the codefendants proceeded to another location to meet the murder victim, where the robbery and murder occurred. There was police testimony that the victim showed signs of having been beaten and smelled of gasoline when he was at the hospital the evening of the incident, and blood stains that were collected from a weight bench at 12 Athens Street matched the victim's DNA. That evidence supported the accomplice's testimony that the victim was held against his will at 12 Athens Street. In addition, duct tape and a plastic tie were retrieved from the basement of 98 Durnan Street. DNA on the duct tape matched that of the victim, and the plastic tie had a mixture of DNA, from which the victim and defendant could not be excluded as contributors. That evidence harmonized with the accomplice's testimony that when he saw the victim outside of 98 Durnan Street, his hands were behind his back and it looked as though he had been beaten (see Reome, 15 NY3d at 195; People v Highsmith, 124 AD3d 1363, 1364). Finally, the testimony of a witness regarding the scene where the robbery and murder took place harmonized with the accomplice's version of events, including the presence of defendant with the victim shortly after the kidnapping (see Reome, 15 NY3d at 195; Highsmith, 124 AD3d at 1364).

Defendant failed to preserve for our review his contention that the kidnapping charge merged with the robbery or assault charges (see People v Hanley, 20 NY3d 601, 606; People v Nelson, 57 AD3d 1441, 1442). In any event, that contention is without merit (see Nelson, 57 AD3d at 1442). The abduction of the victim was an act discrete from the later robbery of the murder victim (see generally Hanley, 20 NY3d at 606). While the kidnapping of the victim may have been for the purpose of forcing the victim to contact the murder victim, there was no merger of the kidnapping of the victim and the robbery of the murder victim inasmuch as the kidnapping constituted "a crime in itself" (People v Gonzalez, 80 NY2d 146, 153; People v Collazo, 45 AD3d 899, 901, lv denied 9 NY3d 1032). There was also no merger of the kidnapping of the victim and the assault of the victim. The abduction here was not brief (cf. People v James, 114 AD3d 1202, 1203-1204, lv denied 22 NY3d 1199), and it was not "so much [a] part of [the assault] that the [assault] could not have been committed without such acts [or] that independent criminal responsibility may not fairly be attributed to them" (People v McEathron, 86 AD3d 915, 916, lv denied 19 NY3d 975 [internal quotation marks omitted]). As in McEathron, "the kidnapping was not a part of the assault. Rather, . . . the assault was incidental to the kidnapping" (id. at 916). Inasmuch as "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d

143, 152), defendant's further contention that he was denied effective assistance of counsel based on counsel's failure to preserve the merger issue for our review is without merit.

Contrary to defendant's contention, Supreme Court properly allowed rebuttal testimony to show evidence of consciousness of guilt (*see People v Comerford*, 70 AD3d 1305, 1306; *People v Kearse*, 177 AD2d 392, 392, *lv denied* 79 NY2d 1003).  Defendant's further contention regarding a question asked by the prosecutor during redirect examination of the rebuttal witness is not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we reject defendant's contention that the court, in imposing the sentence, improperly considered the fact that a murder occurred.  Contrary to defendant's contention, "[t]he court did not base its sentence on a crime of which defendant had been acquitted . . . , but rather sentenced him based on all the relevant facts and circumstances surrounding the crime of which he was convicted" (*People v Rogers*, 103 AD3d 1150, 1154, *lv denied* 21 NY3d 946), as it was required to do (*see People v Cox*, 78 AD3d 1571, 1572, *lv denied* 16 NY3d 742).  One relevant fact here was that " 'the circumstances of defendant's crime included a death,' " and " 'defendant's acquittal on the [murder charge] did not require [the c]ourt to overlook' " that fact (*Cox*, 78 AD3d at 1572).  Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

Entered:  June 12, 2015                          Frances E. Cafarell
                                                 Clerk of the Court