# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1119**
**KA 14-00873**
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

ELHAJJI ELSHABAZZ, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered May 14, 2014. The judgment convicted defendant, upon a nonjury verdict, of murder in the second degree and burglary in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a nonjury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), and two counts of burglary in the first degree (§ 140.30 [1], [2]), defendant contends that the murder conviction is not supported by legally sufficient evidence with respect to the issue of causation, and that the verdict on that count is contrary to the weight of the evidence for the same reason. Defendant was convicted as an accessory to the criminal conduct of Shaquar Pratcher (codefendant) who, during a home invasion burglary, beat the 96-year-old victim so severely that many of the victim's numerous orbital and jaw fractures had not healed when he died more than four months after the attack. For the reasons stated in codefendant's appeal (*see People v Pratcher*, 134 AD3d 1522, 1524-1525, *lv denied* 27 NY3d 1154), we conclude that the conviction is based on legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that Supreme Court failed to establish that he knowingly, voluntarily, and intelligently waived his right to a jury trial. Defendant failed to challenge the sufficiency of the allocution regarding that waiver, and he therefore failed to preserve

that challenge for our review (*see People v Magnano*, 158 AD2d 979, 979, *affd* 77 NY2d 941, *cert denied* 502 US 864; *People v Hailey*, 128 AD3d 1415, 1415-1416, *lv denied* 26 NY3d 929). In any event, defendant's contention is without merit. It is well settled that "no particular catechism is required to establish the validity of a jury trial waiver. The [court's] inquiry here, though minimal, was sufficient to establish that defendant understood the ramifications of such waiver" (*People v Smith*, 6 NY3d 827, 828, *cert denied* 548 US 905; *see Hailey*, 128 AD3d at 1416).

Finally, defendant contends that he was denied the effective assistance of counsel because his attorney called an alibi witness whose testimony corroborated the testimony of the two codefendants who testified against defendant, which affirmatively hurt the defense. We reject that contention. It is well settled that, where a defendant raises an ineffective assistance of counsel challenge, "[s]o long as the evidence, the law, and the circumstances of [the] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147). Furthermore, the Court of Appeals has clarified that, although "the inquiry focuses on the quality of the representation provided to the accused, the claim of ineffectiveness is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Benevento*, 91 NY2d 708, 714). Here, counsel filed several pretrial and mid-trial motions and arguments, including one in which he succeeded in suppressing defendant's statement to the police, delivered focused opening and closing statements, and vigorously cross-examined the People's witnesses, including their expert. In addition, we note that there was significant additional evidence, including surveillance video recordings and DNA evidence, which corroborated the testimony of the two codefendants who testified against defendant at trial (*cf. People v Jarvis*, 113 AD3d 1058, 1060-1061, *affd* 25 NY3d 968). Consequently, we conclude that, "[a]lthough the prosecution discredited the alibi testimony, [that] alone did not 'seriously compromise' defendant's right to a fair trial . . . [and, in] view of . . . counsel's competency in all other respects, we conclude that counsel's failed attempt to establish an alibi was at most an unsuccessful tactic that cannot be characterized as ineffective assistance" (*People v Henry*, 95 NY2d 563, 566).

Entered: December 23, 2016                    Frances E. Cafarell
                                              Clerk of the Court