■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GUILLIARD, Appellant. [765 NYS2d 863] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered October 4, 2000, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him to a term of 2⅓ to 7 years, unanimously affirmed.

Since defendant first raised his claim of insufficient corroboration of accomplice testimony long after jury deliberations had begun, he failed to preserve that claim (*see People v Gray*, 86 NY2d 10, 20-21 [1995]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence was legally sufficient. The accomplice testimony was properly corroborated by independent evidence tending to connect defendant to the crime (*see People v Breland*, 83 NY2d 286, 292-293 [1994]; *People v Morhouse*, 21 NY2d 66, 74-75 [1967]). In this case involving fraudulent issuance of public assistance benefits, the documentary evidence confirmed the accomplices' testimony that they met with defendant, their assigned "eligibility specialist," shortly before the fraudulent payments at issue were made and that defendant took favorable action with respect to the their requests for benefits shortly before they received the fraudulent payments. Thus, the documentary evidence was in such harmony with the accomplice-clients' accounts of the events leading to the thefts themselves as to assure their reliability and to provide the necessary corroboration. In the circumstances of this case, the fraud had to have been committed with the assistance of an employee knowledgeable about the clients' cases, and the documentary evidence established that the accomplice-clients were not merely part of defendant's large caseload, but that he had an active relationship with them at the time of the fraudulent payments. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.