THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MORGAN, Appellant. [832 NYS2d 345]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang J.), rendered March 21, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]). We reject defendant's contention that the evidence is legally insufficient to support the conviction. The People presented evidence that defendant actively concealed the victim's death at the house he shared with the victim and that he attempted to dispose of parts of her body, and that conduct constitutes "unmistakable evidence of his consciousness of guilt" (*People v Karen*, 17 AD3d 865, 866 [2005], *lv denied* 5 NY3d 764 [2005]; *see People v Bierenbaum*, 301 AD2d 119, 138-139 [2002], *lv denied* 99 NY2d 626 [2003], *cert denied* 540 US 821 [2003]). In addition, the People presented evidence that the victim had been strangled, that defendant while incarcerated had admitted that he killed her, that the victim had planned to leave defendant, and that they had a physically abusive relationship. Viewing the evidence in the light most favorable to the People, we conclude that there is a valid line of reasoning and permissible inferences supporting the jury's findings of the elements of murder in the second degree (*see generally People v Williams*, 84 NY2d 925, 926

[1994]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

We reject the further contention of defendant that he was denied a fair trial when Supreme Court admitted in evidence photographs of the victim's severed limbs and mutilated body. Photographic evidence should be excluded "only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (*People v Pobliner*, 32 NY2d 356, 370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]) and, here, the photographs were relevant with respect to the efforts of defendant to dispose of the victim's body and the issue of his intent. We also conclude that the court did not err in admitting evidence that defendant committed uncharged acts of postmortem mutilation. The probative value of that evidence with respect to the crime charged outweighed its prejudicial effect (*see generally People v Wright*, 167 AD2d 959 [1990], *lv denied* 77 NY2d 845 [1991]).

Contrary to defendant's further contention, the court did not abuse its broad discretion to control and restrict the scope of voir dire examination when it precluded questioning of the sworn jurors following the disclosure that a jailhouse informant would testify at trial (*see generally People v Boulware*, 29 NY2d 135, 140 [1971], *rearg denied* 29 NY2d 670 [1971], *cert denied* 405 US 995 [1972]). The sentence is not unduly harsh or severe.

We have examined defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Hurlbutt, Centra, Fahey and Green, JJ.