Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered December 4, 2014. The judgment convicted defendant, upon a nonjury verdict, of murder in the second degree and petit larceny.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of murder in the second degree (Penal Law § 125.25 [1]) and petit larceny (§ 155.25). Defendant failed to preserve for our review his contention that Supreme Court erred in granting the People’s application to have defendant examined by a psychiatrist pursuant to CPL 250.10 (3) after defendant gave notice of his intention to present psychiatric evidence in connection with the affirmative defense of extreme emotional disturbance (see CPL 470.05 [2]). In any event, we conclude that the court did not abuse its discretion in granting the application (see generally People v Diaz, 15 NY3d 40, 47 [2010]), and we further conclude that defendant was not denied effective assistance of counsel on the ground that defense counsel failed to oppose the application for an examination by a psychiatrist (see generally People v Caban, 5 NY3d 143, 152 [2005]). Defendant also contends that the court erred in allowing the People’s expert to testify on rebuttal regarding credibility issues. We conclude that the expert testimony did not “ ‘exceed! ] the foundation necessary to establish the basis for the expert’s opinion’ ” (Diaz, 15 NY3d at 48). To the extent that the expert offered inadmissible testimony on defendant’s credibility, we conclude that there is no basis for reversal inasmuch as the trial judge, as the trier of fact, indicated that he would disregard the witness’s credibility determinations (see People v Pabon, 28 NY3d 147, 158 [2016]).
 

 To the extent that defendant contends that the evidence is legally insufficient to support the conviction of murder in the second degree because he established the defense of extreme emotional disturbance by a preponderance of the evidence, that contention is not preserved for our review (see People v Ashline, 124 AD3d 1258, 1260 [4th Dept 2015], lv denied 27 NY3d 1128 [2016]). In any event, we conclude that the contention is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in the light of the elements of that crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see Ashline, 124 AD3d at 1260-1261; see generally Bleakley, 69 NY2d at 495). It is well established that “a brutal assault [does] not itself suffice to demonstrate extreme emotional disturbance” (People v McKenzie, 19 NY3d 463, 467 [2012]). Here, defendant’s “ ‘behavior immediately before and after the hilliug was inconsistent with the loss of control associated with the affirmative defense’ ” (People v Jarvis, 60 AD3d 1478, 1479 [4th Dept 2009], lv denied 12 NY3d 916 [2009]), inasmuch as defendant admitted that he returned to the crime scene shortly after he initially fled in order to remove incriminating evidence.
 

 Finally, we reject defendant’s contention that the sentence is unduly harsh and severe.
 

 Present—Centra, J.P., Peradotto, Carni, DeJoseph and Winslow, JJ.