People v Baska (2021 NY Slip Op 00947)





People v Baska


2021 NY Slip Op 00947


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


162 KA 20-01200

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
ROBERT BASKA, DEFENDANT-RESPONDENT. 






WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR APPELLANT.


 Appeal from an order of the Onondaga County Court (John H. Crandall, A.J.), dated January 27, 2020. The order dismissed the indictment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to Onondaga County Court for further proceedings on the indictment.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to dismiss the indictment on the ground that the evidence before the grand jury is legally insufficient because the People failed to sufficiently corroborate the testimony of an accomplice, as required by CPL 60.22 (1). The indictment charged defendant with perjury in the first degree (Penal Law § 210.15), conspiracy in the fifth degree (§ 105.05 [1]), criminal solicitation in the fourth degree (§ 100.05 [1]), and hindering prosecution in the third degree (§ 205.55).
The People contend that County Court erred in determining that the grand jury testimony of defendant's accomplice was not sufficiently corroborated. We agree. The corroboration requirement is satisfied by evidence that " 'tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth' " (People v Reome, 15 NY3d 188, 192 [2010]). Sufficient corroboration may be provided by evidence that " 'harmonize[s]' " with the accomplice testimony, i.e., when "read with the accomplice's testimony, [it] makes it more likely that the defendant committed the offense" (id. at 194; see People v Highsmith, 124 AD3d 1363, 1364 [4th Dept 2015], lv denied 25 NY3d 1202 [2015]).
Here, the accomplice's testimony that, on a specific date, defendant and the accomplice had a telephone conversation regarding the alleged criminal conduct is corroborated by defendant's cell phone records, which establish "that cell phone calls were made as the accomplice[] testified" (People v Pratcher, 134 AD3d 1522, 1524 [4th Dept 2015], lv denied 27 NY3d 1154 [2016]). The accomplice's testimony is also corroborated by, among other things, the testimony of non-accomplices and the transcript of the criminal jury trial during which the charged offenses were allegedly committed (see People v Lett, 12 AD3d 1076, 1077 [4th Dept 2004], lv denied 4 NY3d 765 [2005]; see also People v Guilliard, 309 AD2d 673, 673 [1st Dept 2003], lv denied 1 NY3d 597 [2004]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court