People v Jacobs (2021 NY Slip Op 03712)





People v Jacobs


2021 NY Slip Op 03712


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


476 KA 16-01907

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUSTIN T. JACOBS, DEFENDANT-APPELLANT. 






AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Oswego County (James W. McCarthy, J.), rendered February 26, 2016. The judgment convicted defendant upon a jury verdict of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). The conviction stems from defendant's conduct in stealing, with the assistance of his girlfriend, money and property from the home of the girlfriend's mother.
Defendant contends that the evidence is legally insufficient to support the conviction because the testimony of his accomplice was not supported by the requisite corroborative evidence (see CPL 60.22 [1]). That contention is not preserved for our review inasmuch as defendant's motion for a trial order of dismissal was not
" 'specifically directed' at [that] alleged error" (People v Gray, 86 NY2d 10, 19 [1995]). In any event, the contention lacks merit (see People v Davis, 28 NY3d 294, 303 [2016]; People v Baska, 191 AD3d 1432, 1433 [4th Dept 2021]; People v Highsmith, 124 AD3d 1363, 1364 [4th Dept 2015], lv denied 25 NY3d 1202 [2015]).
We reject defendant's further contention that Supreme Court erred in allowing the People to introduce evidence of his involvement with his girlfriend in an uncharged larceny from the truck of the girlfriend's mother, which occurred 10 days after the burglary but before the burglary had been discovered. The evidence of an uncharged larceny was properly admitted under the common scheme or plan exception to the Molineux rule (see People v Lukens, 107 AD3d 1406, 1407 [4th Dept 2013], lv denied 22 NY3d 957 [2013]; People v Austin, 13 AD3d 1196, 1197 [4th Dept 2004], lv denied 5 NY3d 785 [2005]; People v Washpun, 134 AD2d 858, 858 [4th Dept 1987], lv denied 70 NY2d 1012 [1988]).
Defendant failed to preserve for our review his contention that he was penalized for exercising his right to a trial (see People v Smith, 187 AD3d 1652, 1656 [4th Dept 2020], lv denied 36 NY3d 1054 [2021]; People v Cotton, 184 AD3d 1145, 1149 [4th Dept 2020], lv denied 35 NY3d 1112 [2020]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, given defendant's extensive criminal record, we perceive no basis in the record to modify the sentence in the interest of justice.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court