People v Trifunovski (2021 NY Slip Op 06237)





People v Trifunovski


2021 NY Slip Op 06237


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


750 KA 19-00529

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PANDE TRIFUNOVSKI, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered February 15, 2019. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law
§ 125.25 [1]) for killing his wife. Contrary to defendant's contention, County Court did not err in refusing to suppress his statements to the police. We conclude that the record of the suppression hearing, including the video of defendant's police interview, "supports the court's determination that defendant knowingly, voluntarily and intelligently waived his Miranda rights before making [his] statement[s]" to the police (People v Case, 150 AD3d 1634, 1638 [4th Dept 2017] [internal quotation marks omitted]). The video of the police interview also belies defendant's contention that he did not understand his Miranda rights because of a language barrier. To the extent that defendant further contends that he invoked his right to remain silent, we reject that contention. Defendant did not "clearly communicate a desire to cease all questioning indefinitely" (People v Flowers, 122 AD3d 1396, 1397 [4th Dept 2014], lv denied 24 NY3d 1219 [2015] [internal quotation marks omitted]; see People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 1122 [2018]; People v Lowin, 36 AD3d 1153, 1155 [3d Dept 2007], lv denied 9 NY3d 847 [2007], reconsideration denied 9 NY3d 878 [2007]). Rather, the record establishes that, after defendant asked if it was possible to continue the interview the next day, he continued to participate in the conversation with the police (see generally Flowers, 122 AD3d at 1397). Under these circumstances, we conclude that defendant did not unequivocally exercise his right to remain silent, and that his statements were not rendered involuntary when the police continued to question him. "[T]he totality of the circumstances here does not 'bespeak such a serious disregard of defendant's rights, and [was not] so conducive to unreliable and involuntary statements, that the prosecutor has not demonstrated beyond a reasonable doubt that the defendant's will was not overborne' " (People v Jin Cheng Lin, 26 NY3d 701, 725 [2016], quoting People v Holland, 48 NY2d 861, 863 [1979]).
Defendant next contends that the evidence is not legally sufficient to support the conviction because the People failed to establish that he killed his wife intentionally. We reject that contention. "Intent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime" (People v McDonald, 172 AD3d 1900, 1901-1902 [4th Dept 2019] [internal quotation marks omitted]). In this case, "there is a valid line of reasoning and permissible inferences from which a rational jury could have found" that defendant intended to kill his wife (People v Steinberg, 79 NY2d 673, 682 [1992]). Defendant repeatedly struck his wife in the head with a piece of wood and strangled her (see People v Hough, 151 AD3d 1591, 1593 [4th Dept 2017], lv denied 30 NY3d 950 [2017]), and he also took measures to conceal the [*2]evidence of his conduct (see People v Morgan, 38 AD3d 1329, 1329 [4th Dept 2007], lv denied 8 NY3d 988 [2007]). To the extent that defendant further contends that the evidence is legally insufficient to support the conviction because he established the defense of extreme emotional disturbance by a preponderance of the evidence, defendant failed to preserve that contention for our review (see People v Martin-Brown, 156 AD3d 1392, 1393 [4th Dept 2017], lv denied 31 NY3d 985 [2018], reconsideration denied 31 NY3d 1084 [2018]; People v Ashline, 124 AD3d 1258, 1260 [4th Dept 2015], lv denied 27 NY3d 1128 [2016]). In any event, we conclude that the contention is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Additionally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during the opening statement (see People v Bagley, 194 AD3d 1475, 1477 [4th Dept 2021], lv denied 37 NY3d 990 [2021]; People v Vick, 173 AD3d 1776, 1777 [4th Dept 2019], lv denied 34 NY3d 955 [2019]). In any event, we conclude that "[t]he prosecutor's comments during his opening statement were, while perhaps theatrical, properly framed in terms of what the [witnesses] would testify to and did not distort the evidence or otherwise prejudice defendant" (Vick, 173 AD3d at 1777 [internal quotation marks omitted]). We reject defendant's further contention that he was deprived of effective assistance of counsel. The prosecutor's comments during his opening statement were "not sufficiently egregious to deprive defendant of a fair trial; as such, it cannot be said that defense counsel was ineffective for failing to object to [them]" (People v Linder, 170 AD3d 1555, 1560 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]). We further conclude that defendant otherwise received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's contention, we conclude that the sentence is not unduly harsh or severe. Finally, to the extent that defendant further contends that he was penalized for exercising his right to a jury trial and that the court should have exercised its discretion to sentence him pursuant to Penal Law § 60.12, those contentions are unpreserved for our review (see People v Jacobs, 195 AD3d 1434, 1435 [4th Dept 2021]; People v Elmore, 195 AD3d 1575, 1576-1577 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]; People v Smalls, 128 AD3d 1229, 1230 [3d Dept 2015], lv denied 27 NY3d 1006 [2016], reconsideration denied 27 NY3d 1155 [2016], cert denied — US &mdash, 137 S Ct 498 [2016]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court