People v Vilella (2023 NY Slip Op 00608)

People v Vilella

2023 NY Slip Op 00608

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND OGDEN, JJ.

1047 KA 21-00520

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUZ VILELLA, DEFENDANT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (Paul Wojtaszek, J.), rendered December 18, 2020. The judgment convicted defendant, upon a plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her, upon her plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that her sentence is unduly harsh and severe. Even assuming, arguendo, that defendant's waiver of the right to appeal is invalid and thus does not preclude our review of her challenge to the severity of her sentence, we conclude that the sentence is not unduly harsh or severe.
Defendant further contends that her sentence should be reduced pursuant to Penal Law § 60.12, which permits courts to impose alternative, less severe sentences in certain cases involving defendants who are victims of domestic violence (see People v Burns, 207 AD3d 646, 648 [2d Dept 2022]). Assuming, arguendo, that defendant's waiver of the right to appeal is invalid or otherwise does not encompass her contention based on Penal Law § 60.12, we agree with the People that defendant's contention is unpreserved for our review inasmuch as defendant did not ask for discretionary relief under
section 60.12 in Supreme Court (see People v Trifunovski, 199 AD3d 1344, 1347 [4th Dept 2021], lv denied 38 NY3d 931 [2022]). In any event, the statute does not apply because, among other reasons, there is no indication in the record that "substantial physical, sexual or psychological abuse . . . was a significant contributing factor to[ ]
defendant's criminal behavior" (§ 60.12 [1]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court